The defendant's counsel asked the plaintiff's counsel if they intended to offer any further evidence in the cause. They replied that they (469) should not offer any further testimony and proposed submitting the case without argument. This was declined by the defendant's counsel, and, having informed them that no evidence could be offered on the part of the defendant, requested that the plaintiff's counsel would open their cause to the jury. The plaintiff's counsel refused to make any remarks to the jury and desired the defendant's counsel to proceed in submitting such observations as they thought proper to make to the jury. The defendant's counsel then addressed the jury and, after making some remarks on the plaintiff's evidence to prove the debt due by Holford to the plaintiff, and the removal of Holford by the defendant's testator, observed to the jury that if both of these points should be in the plaintiff's favor, he could not recover under the evidence submitted to them by the plaintiff, because he had neither proved nor offered to prove that Holford had resided in Rutherford County for six months, the time prescribed by the act on which the action is brought before his removal, by the defendant's testator, from Rutherford into Burke.
The plaintiff's counsel, then interrupting the defendant's counsel, addressed the court, and stated that they could prove the fact of Holford's residence for six months in Rutherford before the removal into Burke, either by the remaining witnesses not in court or by some other person who had not heard the trial; and prayed leave to offer such evidence. This was objected to by the defendant's counsel. The court refused the introduction of any further testimony in the cause.
The defendant's counsel having finished his remarks, the plaintiff's counsel then, by permission of the court, addressed the jury and argued that they might well be satisfied that Holford had resided six months in Rutherford previous to his removal, from the date of the note and judgment, and from some other circumstances disclosed by the testimony. The court stated to the jury what a plaintiff, suing on the act in question, should prove to entitle himself to recover and left it to them to say whether the plaintiff in this action had brought his case within the act in question. They found a verdict for the defendant. The plaintiff's (470) counsel moved for a new trial on the ground that they had a *Page 349 
right to the benefit of the testimony which they wished to offer respecting Holford's residence before his removal, notwithstanding the time when and the circumstances under which they had offered it.
The court overruled the motion for a new trial, from which judgment the plaintiff appealed to the Supreme Court.
The case was submitted without argument.
After the testimony in a cause is closed, no further evidence can be received but by permission of the court. This permission will always be granted, or withheld, according to the nature of the action, the conduct of the parties, and the necessity of receiving further evidence for the advancement of justice.
The admission or rejection of testimony in such cases must depend on the sound discretion of the presiding judge.
We are all of opinion that the additional evidence offered in this case on the part of the plaintiff was properly rejected, and that the motion for a new trial be overruled.
NOTE. — Parish v. Fite, 258. So permission to reexamine a witness is matter of discretion with the court. Barton v. Morphis, 15 N.C. 240.
Cited: Williams v. Avirett, 10 N.C. 309; Smith v. Smith, 30 N.C. 34;Gilbert v. James, 86 N.C. 248; Featherston v. Wilson, 123 N.C. 627.
(471)