### SAMUEL DAY *v.* SQUIRE ADAMS.

The power of attorney which a lawyer may be required to file, by Rev. Code, ch. 31, § 57, is some writing addressed to him by the client or an agent for the client; *therefore* letters written by the client to third persons in which no particular suit is specified, which express gratification that a certain gentleman had been employed in some controversy between the plaintiff and the present defendant, will not supply the want of such a power.

(*Walton* v. *Sugg*, Phil. 98, cited and approved.)

Motion to dismiss a suit, made before *Henry, J.*, at Fall Term 1868 of the Superior Court of Watauga.

The suit having been brought to the Spring Term, the defendant required the plaintiff's attorney to produce a power of attorney, and at Fall Term, Q. F. Neal, Esq., the attorney for the plaintiff, produced two letters from him whilst in Texas. The former, addressed to his wife, was as follows:

" Goliad, Texas,
March 9th 1867.

\*    \*    \*    \*    \*    \*

"I would rather give what I am worth to some good honest person, as to suffer him (the defendant) to have one dollar in

his rascally move. So, as you have employed lawyer Neal to assist you, I hope you will obtain justice. You are doing just what I intended doing, when I got home, for Adams pitched into me like a bull-dog."          *          *          *          *

The later letter, to his brother, was as follows:

"CHAPEL HILL, TEXAS,
April 7th, 1867.

*          *          *          *          *          *          *

"You wrote me that you are attending Court for me as my agent, in my absence. You also requested of me to write to you whether I was willing you should act or not. As you are engaged in it, go on with it and do the best you can. I have no doubt but what you will do as well as I could, or better."

*          *          *          *          *          *          *

Both letters were signed by the plaintiff.

Thereupon the defendant moved to dismiss the suit. His Honor refused to allow the motion, and the defendant appealed

*Folk*, for the appellant.

*Phillips & Merrimon*, contra.

DICK, J.   An Attorney at Law is a highly useful and honorable officer of our Courts of Justice, and his principal duties are, to be true to the Court, and to manage the business of his clients with care, skill and integrity. He is admitted to his office in this State, upon a certificate of the Judges of the Supreme Court, of his " competent law knowledge and upright character." Upon taking the oaths of office, he is authorized to appear as Attorney in any cause in the Court in which he is admitted; unless at the time when he "claims to enter an appearance for any person, he is required to produce and file in the clerk's office of the Court in which he shall claim to to enter an appearance, a power of authority to this effect, signed by the persons or some one of them for whom he is

DAY *v.* ADAMS.

about to enter an appearance, or by some person duly author-ized in that behalf," Rev. Code, ch. 31, sec. 57, par 16.

If he enter an appearance for any person and is recognized by the Court as Attorney in the cause no written authority can be required of him at a subsequent time; and he cannot quit the cause or be discharged by his client, without leave of the Court. Tidd's Pr. 86, 94    *Walton* v. *Sugg,* Phil. 98.

In this case it appears that at Spring Term 1868, of Watauga Superior Court, a written authority was required of the Attorney who claimed to represent the plaintiff. He had not been recognized by the Court at any previous Term, as the plaintiff's attorney. At Fall Term, a motion was made to dismiss the suit for the want of such authority. Mr. Neal, an Attorney of the Court, produced two letters from the plain-tiff, one addressed to his wife, and the other to his brother-in-law. Both letters are copied in the statement of the case made by his Honor for this Court. Mr. Neal insisted that he had complied with the requirements of the Statute, and had a right to appear as the plaintiff's Attorney, and his Honor being of that opinion overruled the motion to dismiss. In this ruling there was error. The letters were not addressed to Mr. Neal, and therefore were not a power of authority to him, and he had no written authority from any agent of the plaintiff. If a written authority be required of an Attorney before he enter an appearance for a party in a suit, he must produce it, even if his client is present at the bar of the Court. The letters produced are too vague and indefinite to constitute either wife or brother-in-law the plaintiff's agent for the employment of an Attorney. No suit is mentioned, or names of parties given. The authority given in a letter of Attorney is either general, as to transact the business of the constituent, or special, as to do some special business particularly named, as to employ an Attorney. 2 Bouv. Law: Dict. 37.

The order of his Honor must be overruled at the costs of the plaintiff; and the suit dismissed.

PER CURIAM.                    Judgment accordingly.