J. T. PETTEWAY, and JOHN W. HINSDALE, Adm'r., *v.* JOHN DAWSON.

A motion to strike out the name of a plaintiff, made by the attorney for the defendant, by virtue of a power of attorney to that end given by one of the plaintiffs, will be refused where the attorney for the plaintiff produces a letter from him of a date later than that of the power, authorizing the suit to go on.

MOTION, to strike out the name of one of the plaintiffs, made before *Buxton, J.,* at Spring Term 1870, of CUMBERLAND Court.

The facts appear in the Opinion.

His Honor refused to strike out, and the plaintiff Petteway appealed.

*Fowle & Badger,* for the appellant.
*Hinsdale, contra.*

READE, J. There are two plaintiffs of record. The defendant's attorney produced a power of attorney from the plaintiff Petteway, to dismiss the suit. The plaintiffs' attorney thereupon produced a letter from said Petteway, dated since the power of attorney, authorizing him to prosecute the suit. His Honor refused the motion of the defendant's attorney to dismiss the suit, and the defendant's attorney prayed an appeal for the plaintiff Petteway, and signed a bond as surety for him to secure the defendant his costs. These proceedings are certainly " of the first impression."

The only question presented at the bar was, whether the letter to the plaintiffs' attorney revoked the power of attorney to the defendant's attorney. This is too plain for discussion. We suppose that the defendant's attorney did not mean to appear, and that His Honor would not have allowed him to appear, on both sides, and that the production of the

power of attorney was only in the nature of a demand upon the plaintiffs' attorney for his authority to prosecute for the plaintiffs. As soon as the plaintiffs' attorney produced the letter, that demand was answered, and the suit ought to have proceeded. The letter was ample for that purpose.

The interlocutory order being in favor of the plaintiffs, and as it appears of record that the plaintiff Petteway appealed therefrom, there being no error, the said Petteway must pay the costs of the appeal.

There is no error. Let this be certified, &c.

PER CURIAM.                                        Affirmed.