BOYLSTON INSURANCE COMPANY and others *v.* JNO. D. DAVIS.

The C. C. P. does not repeal or suspend the Rev. Code in respect to practice and procedure, except where its provisions are inconsistent therewith.

The provisions of the Rev. Code, with regard to the remedy against the sureties on a replevin bond, are not inconsistent with the provisions of the C. C. P., and therefore *it is not error* in the Court below to render summary judgment against the sureties upon a replevin bond, the plaintiff having obtained judgment against the defendant in the action.

(*Clerk's Office* v. *Hufstetter* and others, 67 N. C. Rep. 449, cited and approved.)

CIVIL ACTION for the claim and delivery of personal property, tried before *McKoy, J.,* at August Term, 1875, of CARTERET Superior Court.

The suit was brought to recover certain iron, alleged to be the property of the plaintiffs. The case was before this court at January Term, 1873, upon an appeal by the defendant, and is reported in 68 N. C. Rep., 17, and was before the court again at January Term, 1874, upon an appeal by the plaintiffs, and was reported in 70 N. C. Rep., 485. Upon the hearing of the case in this court at January Term, 1874, a new trial was granted the appellants.

The cause was thereupon continued from term to term in the Superior Court until August Term, 1875, when it was again tried, and the jury assessed the damages of the defendant at the sum of $459.80. Thereupon the court rendered judgment against the present plaintiff for that amount. It was further adjudged by the court, that the defendant have judgment on the bond given by the plaintiff and against the sureties thereto, to be discharged by the return of the property to the defendants, or the payment of the amount of the judgment against the plaintiff.

The sureties excepted to any judgment against them upon the undertaking in this action, as unauthorized and contrary to law. The exception was overruled by the court, and thereupon they appealed.

All other facts in the case may be found fully stated in the case as reported in the reports above cited.

*Hubbard.* for the appellants.

*Green,* contra.

PEARSON, C. J. At common law an action of replevin could only be maintained *when the defendant had taken the property out of the possession of the plaintiff,* and was in possession at the commencement of the action; in which case the property was put back into the possession of the plaintiff, he giving bond to return it to the defendant if he failed to show on the trial of the action that the defendant had wrongfully taken the property.

The statute, Rev. Code, chap. 98, "Replevin," extends the action to cases in which, detinue or trover will lie, when the defendant is in possession at the commencement of the action, and makes an important modification of the remedy, by allowing the defendant to keep possession pending the action, provided, he gives a bond for its forthcoming, if the action be decided against him; and directs a summary judgment against the sureties.

The C. C. P. under title IX, " provisional remedies in civil actions," chap. 1, makes provisions for bail and enacts, sec. 160 : " in case of failure to comply with the undertaking, the bail may be proceeded against *by action only.*

Chapter 11, " Claim and delivery of personal property," makes provision for undertaking for the return of the property in effect the same as Rev. Code, chap. 98, Replevin, with some minor details as to the justification of the sureties, and directs the Sheriff to file the notice and affidavit, with his pro-

ceedings thereon with the Clerk;" sec 187, but omits to direct a summary judgment against the sureties for the forthcoming of the property. It is not ours to account for this omission. It may be that the direction to have *the undertaking* filed with the Clerk, in the absence of an express prohibition as in the case of bail, furnish a sufficient authority by implication for a summary judgment, as in the case of prosecution bonds and appeal bonds, but "praying this implieation in aid," we put our decision upon the broader ground, that C. C. P. does not repeal or suspend the Rev. Code in respect to practice and proceeding, except where the provisions are inconsistent ; and in this instance, as in the instance of prosecution and appeal bonds, so far from presenting an inconsistency, it is absolutely necessary to preserve uniformity, to assume that C. C. P. is a mere supplement to the practice and procedure established and acted on by the Rev. Code.

This matter was considered and acted upon in *Clerk's office v. Huffstetter, et al.,* 67 N. C. Rep. 449, to which we refer for a more full criticism and exposition of the view in which we consider C. C. P.

No error.

PER CURIAM.                    Judgment affirmed.