O. R. HOLLINGSWORTH v. JAMES A. HARMAN and wife.

*Married Woman—Power of Attorney—Registration.*

A power of attorney, given by a married woman to dismiss an action concerning her land, need not be registered to give it validity.

*Boylston Ins. Co.* v. *Davis*, 74 N. C., 78 ; *Sims* v. *Goettle*, 82 N. C,. 268 ; *Day* v. *Adams*, 63 N. C., 254 ; *Petteway* v. *Dawson*, 64 N. C., 450, cited and approved.)

MOTION to dismiss an appeal, heard at June Term, 1880, of THE SUPREME COURT.

*Mr. D. J. Devane*, for plaintiff.
*Mr. E. G. Haywood*, for defendants.

SMITH, C. J. To the complaint filed for a judgment of foreclosure and sale of the mortgaged lands therein described, the feme defendant interposed a demurrer, assigning certain causes therefor, which was overruled and she appealed. Upon the hearing of the cause, the plaintiff's counsel produced an instrument under the hand and seal of both defendants and proved before the clerk of New Hanover, with the privy examination of the wife, asking that the action may be dismissed at their costs; and stating that the subject matter of the contest had been compromised and settled between the parties. The introduction of this paper is objected to by the counsel of record for the appellant for want of registration, which, as he insists, is necessary to its validity under the law. Bat. Rev., ch. 35, §§ 14, 15; ch. 69, §§ 27, 28.

. No objection is made to the genuineness of the instrument, or want of proof of its due execution, but its admission is opposed on the sole ground that it has not been registered. We think the objection untenable. " Every attorney who shall claim to enter an appearance for any person shall, upon being required to do so, produce and file in the clerk's office of the court in which he shall claim to enter an appearance, a power or authority to that effect, signed by the persons or some one of them for whom he is about to enter an appearance, or by some person duly authorized on that behalf; otherwise he should not be allowed to do so." Rev. Code, ch. 31, § 57 (16). This rule of practice not being inconsistent with the present system, is still in force. *Boylston*

*Ins. Co.* v. *Davis*, 74 N. C., 78; *Sims* v. *Goettle*, 82 N. C., 268, and is recognized in *Day* v. *Adams*, 63. N. C., 254.

A similar intervention was proposed in *Petteway* v. *Dawson*, 64 N. C., 450, but was disallowed because the plaintiff's counsel produced a later and contradictory authority from the client.

As there are cases where a feme covert may sue or be sued alone, and need in no case prosecute or defend by guardian or next friend, (C. C. P., § 56) and her husband on leave of the court and with her consent defend in her name and behalf, (Bat. Rev., ch. 69, § 15,) it would seem unavoidably to follow that she has capacity to accept or refuse his proffered aid to employ an attorney to prosecute her action and to make her defence. This power is necessary and incidental to her capacity to sue and be sued. Here, both her husband and herself unite in asking for the dismissal of the suit upon grounds sufficient when made known to the court in any other manner, for the court will not pass upon a controversy which has been settled and ended.

The writing does not confer nor profess to confer any authority to dispose of or affect her land, but simply to put an end to a pending suit, and the same legal competency which where her interest requires may prolong the litigation is also sufficient to terminate it.

The action must therefore be dismissed at the defendants costs, as requested, and it is so adjudged.

PER CURIAM.                                        Action dismissed.