J. W. WILSON, et al. v. S. C. WILSON, et al.

*Trust Deed—Construction.*

Where a trust deed provided that the trustee should hold the property for the use of the wife of the grantor and her two children, the income and profits to be used for the support of the said wife and children, and that, at the death of the wife, the property should be held for the use of said children until they arrived at full age ; *Held*, that the wife and children were tenants in common in the trust estate from the date of the deed.

CIVIL ACTION, tried before *Hoke, J.*, and a jury, at April Special Term, 1896, of BUNCOMBE Superior Court. The principal point involved in the case was the construction of a deed of trust, the material parts of which are set out in the opinion of Chief Justice FAIRCLOTH. There was judgment for the defendants and plaintiffs appealed.

The plaintiff asked his Honor to hold, as a matter of law, and so charge the jury, that the legal effect of the deed in trust was to vest one-third interest for life as *cestuis que trust* in Samantha C. Wilson as tenant in common with the plaintiff, Clara M. Featherstone, and a two-thirds interest in fee as *cestui que trust* in the plaintiff, Clara M. Featherstone, who is admittedly the sole heir-at-law of her sister, Delia Hardy, mentioned in the deed of trust, and that the plaintiff Clara was equitable owner in fee of two-thirds of the property, with present right to the rents and profits.

The defendant contended, and asked the court so to hold as a matter of law and so instruct the jury, that defendant Samantha C., was entitled to a life estate as *cestui que trust* in the entire property ; and also contended, and asked the court to hold, that the defendant, Samantha C.,

by virtue of the terms of said deed in trust, was owner in fee simple as *cestui que trust* of the entire property.

His Honor held, and so instructed the jury, that the defendant, Samantha C., was entitled to a life estate as *cestui que trust* in the entire property, and that the plaintiff Clara was entitled to a remainder in fee simple, after the expiration of the life estate of defendant Samantha C. as *cestui que trust*.

Judgment upon the verdict, from which plaintiffs appealed.

*Messrs. Jones & Barnard*, for plaintiffs (appellants).
*Messrs. Merrimon & Merrimon*, for defendants.

FAIRCLOTH, C. J. : The question here is the construction of a deed made by John Wilson and others to G. W. Neely, trustee, conveying certain property in Asheville in 1861. The deed provides that the trustee and his heirs shall hold the property " for the sole and separate use and benefit of the said Samantha C. Wilson (wife of one of the grantors) and her two children, Delia Hardy and Clara Mock," " and any others thereafter born," and after the death of Samantha C. Wilson then to hold the property on the same trust for the children aforesaid, allowing the boys to receive their interest at the age of 21 years. And the said trustee shall have power to rent or hire said property to the best advantage at his own discretion, " and shall use the profits and proceeds thereof for the support and maintenance of said Samantha C. Wilson and her children as aforesaid, not going beyond the current profits nor anticipating the principal, until by the coming of said age of 21 years or marriage of said children the property is to be held and disposed of as hereinbefore set forth, the trust as to the boys to cease, and they to have their legal interest at the age of

WILSON *v.* WILSON.

twenty-one years, and the proportion of said profits and income to be expended for the support and maintenance and education of the said *cestuis que trust*, to be according to their several needs and the ages and necessities of said children."

It is admitted that the plaintiff Clara is the sole heir at law of her sister, Delia Hardy.

His Honor held that Samantha C. Wilson was entitled to a life estate as *cestui que trust* in the entire property, and that plaintiff Clara was entitled to a remainder in fee after the death of Samantha.

The question, then, is whether Samantha takes a life estate in the whole property, or were she and the children tenants in common in the trust estate? According to the natural import of the language and the authorities, they were tenants in common in the trust estate from the date of the deed. *Moore* v. *Leach*, 5 Jones, 88 ; *Hunt* v. *Satterwhite*, 85 N. C., 73 ; *Chesnut* v. *Meares*, 3 Jones Eq., 416 ; *Gay* v. *Baker*, 5 Jones Eq., 344. The result would be otherwise if anything in the instrument indicated reasonably a different intention. We find nothing of that in the deed ; but, on the contrary, it appears to have been the purpose to provide for the comfort of the children as well as the wife. The defendants' contention would strip the children of their maintenance and education at that period of life when such assistance was more needed than at any other time. We cannot impute such a purpose in the mind of the father in the absence of any language to justify it. He might be improvident and reckless, but when moved by a generous impulse to provide and secure something for his family it would be a most unnatural act to disinherit the most helpless members of it. As all the other questions are more or less governed by the main one now here decided, we refrain from any further review of the case.

Error.