CLARA FEATHERSTON v. SAMANTHA WILSON, G. W. NEELY et al.

(Decided December 23, 1898.)

*Motion to Non-suit Under Act 1897, chapter 109—Demurrer to Evidence—Practice.*

1. A motion to non-suit under Act 1897, Chapter 109, is a demurrer to the evidence of plaintiff; should it be overruled the defendant may except, and proceed with the trial, preserving his right to have his exception passed on by appeal.

2. Where such motion is made, it is discretionary with the Judge, before passing on it, to allow the plaintiff to introduce additional evidence.

CIVIL ACTION tried before *Hoke, J.*, and a jury at Spring Term, 1898, of the Superior Court of BUNCOMBE County.

This action involved the construction of a deed of

trust executed by J. W. Wilson to a trustee for the benefit of his wife, the defendant, now a widow, and his two daughters, Delia, since dead, and the plaintiff, who succeeded to her sister's interest. The trustee, G. W. Neely, is a non-resident and paid no attention to the management of the property, which has been controlled by the defendant. The plaintiff claimed that under that deed, she, Delia, and the defendant were tenants in common, during the life of the defendant, with remainder to herself—she having now two interests, one in her own right and the other by inheritance from her sister.

The defendant claimed that under the deed of trust she was entitled to the whole interest in the property during her life, with remainder to the plaintiff in fee.

The Supreme Court held, on appeal from a former trial, that under the trust deed of J. W. Wilson, the wife and children were tenants in common—the plaintiff as surviving child owning two-thirds and the wife one-third of the trust estate, during the life of the wife, now widow of said Wilson, and granted a new trial. 119 N. C., 583.

On the present trial the plaintiff submitted to the Court the deed of trust of J. W. Wilson and others to G. W. Neely, dated April 16th, 1861, and the opinion of the Supreme Court construing it, and rested.

Whereupon defendant moved to non-suit the plaintiff under Act of 1897, Chapter 109.

His Honor held that the evidence offered was not sufficient to justify a verdict on the issues for plaintiff, and plaintiff moved for permission to offer other and further evidence, which the Court allowed.

Defendant excepted.

FEATHERSTON v. WILSON.

The plaintiff then introduced further evidence and rested.

The defendant renewed her motion to non-suit the plaintiff, which his Honor overruled. The defendant again excepted, and proceeded to introduce evidence.

There was a verdict and judgment for the plaintiff. Defendant appealed.

*Messrs. Merrimon & Merrimon*, for appellants.
*Mr. A. S. Barnard*, for appellee.

FAIRCLOTH, C. J.: This is the fifth time this case has come before this Court. See 118 N. C., 840; 119 N. C., 588; 120 N. C., 446; 122 N. C., 747, where the facts and history of the whole matter will be found. It was held by this Court (119 N. C., 588) that under the trust deed of John Wilson, husband of defendant and father of plaintiff, the wife and children are tenants in common in the trust estate. The plaintiff is the only surviving child and owns two-thirds and the defendant one-third of said estate. At the last trial, now here for review, the plaintiff, demanding her two-thirds of the net profits, rents, etc., in the hands of the trustee, introduced her evidence and rested her case. The defendant moved to non-suit the plaintiff under the Act of 1897, Chapter 109. The plaintiff asked permission to introduce other and further evidence, which was allowed by the Court, and the defendant excepted. Plaintiff introduced further evidence and rested again. Defendant renewed the motion for non-suit under the Act of 1897, which was refused, and the defendant again excepted.

Defendant then introduced evidence and the case was

123—40

tried by the Court and jury. The issues were found in favor of the plaintiff and judgment was entered declaring that the plaintiff was entitled to two-thirds of the rents and profits in fee, and defendant to one-third during her life, and remainder to the plaintiff. Appeal by defendant. This recital presents all the facts necessary to the consideration of the real question before us.

The question is, when the defendant first moved for non-suit, was it the imperative duty of the Court to pass upon the legal question presented by the motion under said Act of Assembly, or had he the discretionary power to hear further evidence from the plaintiff against defendant's objection. The Court has held in *Purnell* v. *Railroad*, 122 N. C., 832, and other cases, that the motion for non-suit under the Act of 1897 (Chapter 109) is a demurrer to the evidence, and the defendant by noting his exception, preserves his right to have the motion passed on on appeal, although he proceeds to trial with his evidence, contrary to the former practice. Said Act of 1897 seems to give the defendant two chances (1) with the Court, (2) with the jury, but it gives no direction on the practice or procedure under its provisions. We have discovered nothing in *The Code* or in any other statute changing the long established rules of practice in our courts, and unless some statute is found inconsistent with the former practice and procedure, that system is still the rule. *Insurance Co.* v. *Davis*, 74 N. C., 78.

Whilst *The Code* dispenses with the formal mode of commencing actions and of pleading, it does not dispense with the rules for conducting trials heretofore established, as essential to the administration of law. By a demurrer to the evidence, the case is put upon the sufficiency of the evidence which means the *exitus*

issue or end of the case, and strictly speaking no issue of law is raised until the opposing party joins therein. Co. Litt., 71b.   In the case we have, there was no joinder in demurrer, but the plaintiff moved for and obtained leave to give further evidence.   We do not care, however, to put the case on this strict technical point of pleading.

Under the former rules of practice and procedure, had the Court the power to receive other evidence on motion of the plaintiff after the defendant's motion for non-suit, as by demurrer, under the Act of 1897, Chapter 109 ?   We find by former decisions that he had the power in the exercise of his discretion.   In *Kelly* v. *Goodbreed's Executors*, 4 N. C., 28 (468) it is held: "After the testimony in a cause is closed, the introduction of other witnesses is a matter within the sound discretion of the Court."   *Parish* v. *Fite*, 6 N. C., 258, says: "The Court may, in its discretion, permit new witnesses to be introduced and examined before the jury after the argument of counsel is closed," but it ought not to be done except for good reasons shown to the Court.   In *Barton* v. *Morphis*, 15 N. C., 240, the ruling is that the refusal of the Court to permit a witness to be re-examined is no ground for a new trial, it being discretionary with the Court to permit it or not.   *State* v. *Rash*, 34 N. C., 382: "In criminal as well as civil cases, all the testimony on both sides should be introduced before the argument commences.   After that, the parties have no *right* to introduce additional testimony, though the Court in its discretion may permit it to be done."   This rule will be found in later cases.

The argument made is that if the above rule of practice prevails, it destroys the Act of 1897, Chapter 109. Not necessarily so; for if the Judge refuses to hear other

evidence, the defendant puts to the test the strength of the plaintiff's case on which he rested.

The charge of the Court is very full and seems to cover the material parts of the defendant's prayers for special instructions. The hardship of the result to the defendant was referred to in the argument, but, whatever we might think of that, we are not authorized to express any opinion about it.

Affirmed.