RUTH M. WARREN, ADMINISTRATRIX OF THE ESTATE OF TERRY LEE ENOCH, DECEASED v. ARCHIE JEFFRIES.

(Filed 15 January, 1965.)

**Automobiles § 41q—**

Evidence to the effect that five children got into the rear seat of defendant's car, which had been parked in the yard by defendant, and that when the fifth child, the six-year old intestate, got in and closed the door something clicked in the front and the car started rolling, without any evidence

that defendant failed to set the hand brake, or failed to engage the transmission, or neglected to maintain adequate brakes, *held* insufficient to overrule nonsuit, the doctrine of *res ipsa loquitur* not being applicable.

APPEAL by plaintiff from *Hall, J.,* February 13, 1964, Session of ALAMANCE.

*Lee & Lee for plaintiff.*
*Sanders & Holt for defendant.*

PER CURIAM. Terry Lee Enoch, a 6-year old child, was injured when a wheel of defendant's Chevrolet automobile ran over his body, and from these injuries he died. Plaintiff instituted this action to recover for his alleged wrongful death. From judgment of involuntary nonsuit entered at the close of plaintiff's evidence, plaintiff appeals.

Plaintiff's evidence, taken as true for the purposes of this appeal, discloses these facts:

Defendant drove to Terry's home to see Terry's father and parked his car in the yard. Terry's father was not at home and defendant went in the house and waited for his return. The car was left standing on an incline. During the time there were in and around the house about a dozen children, including Terry; their ages ranged from 18 months to 20 years. The car remained parked for about an hour prior to the accident, and during this interval no one had gone to the car or touched it for any purpose. One of the children needed shoe polish and defendant gave Terry's mother the keys to his automobile so she could drive it to a store for the polish. She and five children, including Terry, started to the car. It was raining and Terry didn't want to wear his glasses; he gave them to his mother and she went back in the house to put them up. The five children (eldest, 20 years) got in the rear seat of the car; it was a 4-door sedan, and none of them got in the front seat. They did not touch any of the control mechanisms of the car. Terry was the last to get in and when he "closed the door something clicked in the front and . . . the car started rolling" backwards in the direction of a large ditch. One of the older children opened the door and told the others to jump out. All jumped out, Terry first. When he jumped out he fell, and the front wheel ran over his chest.

The mother's graphic description of her son is so typical of an alert and active little boy that it is worthy of preservation. "He was full of fun at all times, he never was still unless he was asleep, he was either laughing or playing or doing something to let you know he was around. One thing I remember, the lady I worked for give *(sic)* him a little puppy and he was crazy about this little dog . . ."

Plaintiff alleges defendant was negligent in that (1) he failed to set the hand brake, (2) failed to engage the transmission, and (3) neglected to maintain adequate brakes as required by G.S. 20-124. There is no evidence as to the condition of the brakes, whether the hand brake had been set, or whether the car was in gear. Apparently the car was not examined after the accident. What caused it to make a "clicking" sound and begin rolling backwards is pure speculation. The doctrine of *res ipsa loquitur* is not applicable. *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33; *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251.

Affirmed.