STATE OF NORTH CAROLINA v. WILLIAM JAMES SUTTON

No. 6916SC198

(Filed 28 May 1969)

**1. Criminal Law § 34;　Incest— testimony of other instances of incest with defendant**

In this prosecution for incest, testimony by the prosecutrix as to other instances of sexual intercourse with defendant and by the sister of the prosecutrix as to acts of sexual intercourse between herself and defendant is competent in evidence in corroboration of the offense charged.

**2. Incest— nonsuit — sufficiency of evidence**

The evidence in this prosecution for incest *is held* sufficient to be submitted to the jury.

**3. Criminal Law § 113— failure to charge on nature of corroborative evidence**

Where the court admitted certain testimony as corroborative evidence and so instructed the jury at the time of its admission, it was not error for the court to fail to again instruct the jury in the charge as to the nature of such evidence in the absence of a request by defendant for such an instruction.

APPEAL by defendant from *Bailey, J.*, November 1968 Criminal Session, ROBESON County Superior Court.

William James Sutton (defendant) was charged in a proper bill of indictment with the crime of incest on 21 July 1968, a violation of G.S. 14-178. The case was called for trial on 20 November 1968, at which time the defendant entered a plea of not guilty and a jury was empaneled. The State thereupon introduced evidence which tended to show that the defendant had sexual relations with his daughter, Brenda Mae Sutton (Brenda), over a period of several years; he had sexual relations with her on the day in question; on

23 July 1968 Brenda gave birth to a child; before giving birth to this child, she told her school teacher that the defendant had made her pregnant; on 24 July 1968 Brenda, while a patient at Southeastern General Hospital, told an investigator for the Robeson County Welfare Department that the defendant was the father of her child.

The defendant offered no evidence and the jury returned a verdict of guilty as charged. From the imposition of a fifteen years' sentence, the defendant appealed to this Court.

*Attorney General Robert Morgan and Deputy Attorney General Harry W. McGalliard for the State.*

*W. Earl Britt for defendant appellant.*

CAMPBELL, J.

[1]    The defendant's first assignment of error is that the trial judge erred in permitting Brenda to testify as to other instances of sexual intercourse with the defendant and in permitting Theresa Sutton, Brenda's younger sister, to testify as to acts of sexual intercourse between herself and the defendant. This testimony was introduced for purposes of corroboration, and the Supreme Court has long approved such testimony. In *State v. Broadway,* 157 N.C. 598, 72 S.E. 987, which was an incest case, Clark, C.J., stated:

"The exception to proof of other acts of the same nature cannot be sustained. They are competent in corroboration. . . ."

In *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740, the admissibility of corroborative testimony was thoroughly reviewed by Parker, C.J., and nothing would be gained by a further review at this time.

The first assignment of error is without merit.

[2]    The defendant's second assignment of error is that the trial judge erred in overruling the motion for judgment as of nonsuit. In his brief, it is frankly stated:

"Counsel for defendant does not wish to argue this exception. It was preserved and brought forward in the Record and Brief for defendant's protection, he being an indigent defendant and counsel being court-appointed."

We have reviewed the record, and the evidence was plenary to take the case to the jury. Nothing would be gained by a recitation of all of the sordid details.

The second assignment of error is without merit.

**[3]**. The defendant's third assignment of error is that the trial judge erred in the instructions to the jury. It is argued that it was incumbent upon the trial judge, when recapitulating the evidence introduced by the State, again to inform the jury that certain evidence of some of the State's witnesses was admitted solely for the limited purpose of corroboration.

At the time of its introduction, the trial judge unequivocally instructed the jury as to the limited purpose for which the corroborative evidence was admitted. In the absence of a request for special instructions, it was not error for the trial judge not to inform the jury again of the difference between corroborative and substantive evidence or of the limited purpose for which the corroborative testimony was admitted. Such an instruction would have pertained to a subordinate feature of the case. In the absence of a request for a special instruction, it was not necessary to charge on this subordinate feature. *State v. Pitt,* 248 N.C. 57, 102 S.E. 2d 410.

In *State v. McKeithan,* 203 N.C. 494, 166 S.E. 336, Stacy, C.J., stated for the Supreme Court:

". . . It is now the rule of practice with us that when testimony is admitted, not as substantive evidence, but in corroboration or contradiction, and that fact is stated by the court when it is admitted, it will not be ground for exception that the judge does not in his charge again instruct the jury specifically upon the nature of such evidence, unless his attention is called to the matter by a prayer for instruction; nor will it be ground for exception that evidence competent for some purpose, but not for all purposes, is admitted generally, unless the appellant asks, at the time of its admission, that its purpose be restricted for the use for which it is competent. . . ."

The third assignment of error is without merit.

The defendant was given a fair trial free of any prejudicial error.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.