LEE R. SMITH, NEXT FRIEND OF CHRISTINE SMITH, MINOR v. MARY FRANCES PERKINS

No. 6919SC244

(Filed 18 June 1969)

**1. Infants § 5—    action by next friend**

An action to recover damages for personal injuries to a minor should be brought in the name of the infant acting by his next friend, since the next friend is not a party to the action as such but is only representing the infant plaintiff under the control of the court.

**2. Appeal and Error § 49—    exclusion of evidence — other evidence shows same fact**

Where evidence admitted tends to establish a particular fact, the exclusion of other evidence offered for the purpose of establishing the same fact cannot be prejudicial upon review of judgment of nonsuit.

**3. Trial § 14—    reopening case for additional evidence**

Once a plaintiff rests his case and defendant moves for nonsuit, it is discretionary with the trial court whether to allow plaintiff thereafter to introduce additional evidence.

**4. Trial § 14—    reopening case for additional evidence — abuse of discretion**

In this action for personal injuries allegedly caused by defendant's negligence, no abuse of discretion is shown in the trial court's denial of plaintiff's motion to be permitted to reopen her case in order to offer additional evidence after plaintiff had rested and defendant had moved for nonsuit, where the additional evidence which plaintiff sought to introduce would not have been sufficient to change the court's ruling on the question of nonsuit.

**5. Automobiles § 67—    negligence in parking vehicle — sufficiency of evidence**

In this action for personal injuries allegedly caused by the negligence of defendant in parking her automobile, the trial court properly allowed defendant's motion for nonsuit where plaintiff's evidence shows only that defendant's automobile, which was parked in a private yard, rolled backward for an undisclosed distance after plaintiff entered the front seat on the driver's side and leaned over toward the dash, and the only testimony relative to the manner of parking the automobile was given by defendant, who was called as a witness for plaintiff, that when she parked the car she put the emergency brake on and placed the gear lever in a park position, all of the evidence disclosing that defendant followed those procedures which prudent drivers customarily follow in parking their automobiles under similar circumstances.

**6. Automobiles § 10—    parking on steep incline — failure to scotch wheel of car**

Even in parking on a steep incline, a person of ordinary prudence does not usually scotch the wheel of his car with a brick or other object absent

some factor in the situation to place him on notice that more conventional means of securing his car might prove inadequate.

**7. Automobiles §§ 10, 67— negligence in parking — failure to scotch wheel of car**

In this action for personal injuries allegedly caused by the negligence of defendant in parking her automobile wherein all the evidence showed that defendant put the emergency brake on and placed the gear lever in park, failure of defendant to scotch the wheel of her car with a brick or other object is not evidence of failure to use due care absent a showing that defendant's brakes or the parking mechanism of her gear shift were defective or inadequate.

**8. Automobiles §§ 44, 67— negligence in parking vehicle — res ipsa loquitur**

In this action for personal injuries allegedly caused by negligence of defendant in parking her automobile, the fact that the car rolled backwards when plaintiff entered it is no evidence of negligence by defendant, the doctrine of *res ipsa loquitur* being inapplicable.

APPEAL by plaintiff from *Exum, J.,* 21 October 1968 Civil Session of RANDOLPH Superior Court.

This is a civil action to recover damages for personal injuries to Christine Smith, a minor, allegedly caused by the negligence of the defendant in parking her Ford automobile. At the trial plaintiff called defendant as a witness and defendant testified:

"I had been living at my sister's house on Craven Street at Ramseur for a month or two before March 19, 1964, and working on the third shift in Asheboro, approximately nine (9) miles away. I drove my Ford car daily to and from work and parked it daily in my sister's yard in the same position it was in when Christine Smith was supposedly hurt. I pulled up the hand brake and placed the gear lever in park position that morning when I arrived at home from my third shift job. I never put a brick or a rock under my wheels. My car had not been moved all day.

"When I woke up late in the evening on March 19, I asked my niece, Katherine Warr, to go to my car to get my billfold out of the glove compartment. I at no time asked Christine Smith to go or to run any errand for me. I did not know she was in the car, and if she was in the car, it was without my knowledge or authority."

Plaintiff also introduced in evidence a letter written by defendant to plaintiff's attorney, dated 6 August 1964, prior to institution of this action, reading as follows:

"You want to know if I left my car in gear or not. I always

left my car in Park and put the emergency brake on, because, the yard was sort of hilly. The car was an automatic drive.

"She had knocked the car in Neutral so that's why it rolled backwards. You see it was up on a small hill. And I always put a small brick under the wheel, maybe I didn't put the brick there that day. But, believe me the emergency brake was on and it was in Park."

Prior to trial the plaintiff took the adverse examination of the defendant and at the trial introduced the record thereof. In this, in addition to testifying to substantially the same facts as testified to by her at the trial, defendant testified that at the times she had parked her car at her sister's residence she had never put a brick under the wheel and that she had never had any trouble with her brakes; that after the accident she had gone out to see her car and found it "had rolled down the driveway some;" that she did not remember whether it was then in gear or park or neutral; that the brakes were still on and that she then released the emergency brake so that she could drive the car back.

The adverse examination of Christine Smith was taken prior to the trial by the defendant and the record thereof was introduced at the trial by the plaintiff. In this Christine Smith testified: That she was eighteen years old at the time of testifying in October 1968; that on the afternoon of 19 March 1964, she and her brother and sister were visiting in the Warr house; that she heard the defendant ask someone to go get her billfold; that she and Katherine Warr started to go, but Katherine said she was afraid to go because it was dark; that she then went by herself to the driver's side of the car, opened the door, and "sort of sit down and leaned over the seat to reach for the billfold" in the dash; that she did not take hold of the steering wheel or any of the driving controls; that when she got in the car, it started rolling backward, so she jumped out and the door knocked her down and the front wheel of the car ran over her left foot, injuring it; that she did not touch the gear shift, the steering wheel, or the emergency brake. Plaintiff also introduced evidence concerning the injuries to Christine Smith's foot.

Plaintiff rested, and defendant moved for nonsuit. Upon intimation from the judge that he would allow defendant's motion for nonsuit, plaintiff moved to be permitted to reopen her case in order to

call Lee R. Smith as a witness. The court denied plaintiff's motion and entered judgment of nonsuit. Plaintiff appealed.

*John Randolph Ingram for plaintiff appellant.*

*Coltrane & Gavin, by W. E. Gavin for defendant appellee.*

PARKER, J.

[1]     This action to recover damages for personal injuries to a minor has been brought in the name of the next friend of the infant as the nominal party plaintiff. It should have been brought in the name of the infant, acting by her next friend. In such cases the next friend is not a party to the action as such, but is only representing the infant plaintiff under the control of the court. 1 McIntosh, N.C. Practice 2d, §§ 690, 691. However, since no question concerning this has been raised by the parties, who throughout this litigation apparently have treated the infant as the real party plaintiff, for purposes of this appeal we shall also recognize the infant as the real party plaintiff.

[2]     Appellant's first two assignments of error relate to the trial court's actions in excluding certain portions of defendant's testimony taken on adverse examination and offered in evidence by plaintiff at the trial. While we think the trial court's rulings were correct, we do not find it necessary so to decide, since in any event plaintiff suffered no prejudice by exclusion of this testimony. Other testimony of the defendant which was admitted in evidence and her letter written to plaintiff's attorney, which was also admitted in evidence, tended to establish all of the same facts sought to be shown by the excluded testimony. Where evidence admitted tends to establish a particular fact, the exclusion of other evidence offered for the purpose of establishing the same facts cannot be prejudicial upon review of judgment of nonsuit. *Petty v. Print Works*, 243 N.C. 292, 90 S.E. 2d 717; 1 Strong N.C. Index 2d, Appeal and Error, § 49, p. 200.

[3, 4]     Appellant's third assignment of error is directed to the court's refusal of her motion to be permitted to reopen her case in order to offer additional evidence. In this there was no error. "When the plaintiff rests his case and a demurrer to the evidence is sustained, generally no further evidence is admitted, since this would allow a party to try his case by piecemeal." 2 McIntosh, N.C. Practice 2d, § 1488. Once a plaintiff rests his case and defendant moves for nonsuit, it is discretionary with the trial court whether to allow plaintiff thereafter to introduce additional evidence. *Featherston v. Wilson,* 123 N.C. 623, 31 S.E. 843. Clearly in this case there was no abuse of the

trial court's discretion. The additional evidence which appellant sought to introduce related only to the method of engaging the emergency brake on the type of car which was involved in this litigation. Even had this evidence been timely introduced, it would not, in our opinion, have been sufficient to change the court's ruling on the question of nonsuit.

[5]     Appellant's final assignments of error are directed to the court's allowance of defendant's motion of nonsuit. In this there was no error. Plaintiff in her complaint alleged that her injuries had been caused by defendant's negligence in parking her car in that defendant: (1) Failed to effectively set the parking brake; (2) failed to turn her front wheels toward the side of the drive; (3) failed to engage the transmission or to place the car in park; (4) failed to maintain adequate brakes; and (5) failed to scotch a wheel of the car with a brick. Viewing all of plaintiff's evidence in the light most favorable to her and resolving all discrepancies therein in plaintiff's favor, we find no evidence of any negligence on the part of the defendant sufficient to submit an issue on that question to the jury. The only evidence relative to the manner of parking the car was that contained in the testimony of the defendant, who was called by plaintiff as plaintiff's own witness. The defendant testified that when she parked her car in the morning she put the emergency brake on and placed the gear lever in park position. It was parked in a private yard, not on a public street. The only evidence as to terrain is that "the yard was sort of hilly" and that the car "was up on a small hill." It is uncontroverted that the car remained stationary all day, and then "rolled down the driveway some," for an undisclosed distance, only after plaintiff had entered the front seat on the driver's side and had leaned over toward the dash. There was no evidence that the brakes were defective or that placing the gear shift in park position would have been inadequate to secure the car. All of the evidence discloses that defendant followed those procedures which prudent drivers customarily follow in parking their vehicles under similar circumstances.

[6, 7]     Plaintiff's brief stresses the discrepancy in defendant's testimony given on adverse examination and again on the trial, to the effect that she had never scotched the wheel of her car with a brick, with the statement in her letter, written four years previously, that she "always put a small brick under the wheel." Whichever version may have been true, there was here no evidence of defendant's negligence. Even in parking on a steep incline, a person of ordinary prudence does not usually scotch the wheel of his car with a brick or

other object, at least absent some factor in the situation to place him on notice that more conventional means of securing his car might prove inadequate. And even if defendant may have on some previous occasions taken this additional precaution, she would not forever thereafter be required to continue to do so. Her failure to do so on the particular occasion here involved is no evidence of failure to use due care, absent any showing that her brakes or the parking mechanism of her gear shift were defective or inadequate. There was here no such showing.

[8]      The fact that after plaintiff had entered the car it did in fact roll "down the driveway some," is no evidence of any negligence on the part of the defendant. The doctrine of *res ipsa loquitur* does not apply. *Warren v. Jeffries,* 263 N.C. 531, 139 S.E. 2d 718.

The case of *McCall v. Warehousing, Inc.,* 272 N.C. 190, 158 S.E. 2d 72, is clearly distinguishable. In that case defendant driver had parked a heavy tractor-trailer unit at a loading dock in such position that the trailer was level but the tractor was on an incline, down which the driver knew plaintiff's intestate was working. After making some apparently unsuccessful efforts to disconnect the tractor from the trailer, the driver left the vehicle unattended. Within minutes after he left, the tractor disengaged from the trailer, rolled forward down the incline, and ran over the plaintiff's intestate. The driver admitted that the air brakes were cut off, that he did not remember setting the emergency brake, and that he had not placed wooden blocks, which had been provided for that purpose, under the wheels of the tractor. He assumed that the tractor and trailer were still securely joined together. Under these circumstances, the Supreme Court held that evidence of negligent acts were amply sufficient to go to the jury.

The case of *Arnett v. Yeago,* 247 N.C. 356, 100 S.E. 2d 855, is also distinguishable. In that case the defendant left her car unattended headed downhill on a street in a thickly populated neighborhood with knowledge a number of small children were about. Defendant failed to set the hand brake or to turn the front wheels toward the curb, depending on leaving the gear shift in reverse to hold the car in place. Additionally, there was evidence the gear shift could be easily moved and that defendant left the left front door of the car open. A three year old child climbed in the car and it thereafter moved downhill, injuring the child. The Supreme Court held that under these circumstances the jury could legitimately find defendant negligent.

The evidence of negligence present in the *McCall* and *Arnett* cases is completely lacking in the present case.

In the trial and in the judgment of nonsuit we find

No error.

MALLARD, C.J., and BRITT, J., concur.