ROSE & DAY, INC. v. JIM RAY CLEARY

No. 7223DC169

(Filed 29 March 1972)

1. **Rules of Civil Procedure § 39— jury trial — failure to demand — discretionary allowance**

    Where defendant did not demand a jury trial as provided by G.S. 1A-1, Rule 38, the allowance of a jury trial under G.S. 1A-1, Rule 39(b), is within the discretion of the trial court.

2. **Trial § 14— reopening of case for additional evidence**

    The trial court did not abuse its discretion in reopening the case and allowing plaintiff to introduce further evidence after both parties had rested.

3. **Appeal and Error § 28— exception to findings, conclusions and judgment — broadside**

    An exception to the findings of fact, conclusions of law and the judgment, without exception to a particular finding, is a broadside exception which does not present for review the admissibility of the evidence on which the findings were made or the sufficiency of the evidence to support the findings.

APPEAL by defendant from *Osborne, District Judge,* 21 September 1971 Session, YADKIN District Court.

Evidence presented at trial tended to show: Defendant purchased an automobile from plaintiff and executed a conditional sale contract to secure payment in monthly installments for a period of 36 months. Upon default of payments by defendant, the automobile was repossessed; a notice of sale was prepared and posted at plaintiff's place of business and copy of the notice sent by mail to defendant. The car was sold at public sale for $2750.00, plaintiff being the purchaser. Plaintiff then brought this action seeking to recover the deficiency between

Rose & Day, Inc. v. Cleary

the remaining contract price and the proceeds received from the sale. The court sitting as a jury found as a fact that there was a deficiency due plaintiff in the amount of $851.20; that the public sale was commercially reasonable and therefore concluded as a matter of law that plaintiff was entitled to recover $851.20 with interest and reasonable attorney's fee. Judgment was entered accordingly from which defendant appeals.

*Randleman, Randleman & Randleman by Richard N. Randleman for plaintiff appellee.*

*Allen, Henderson & Allen by William M. Allen, Jr., for defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the denial of his motion for a trial by jury. In his brief defendant admits that he did not demand a jury trial as provided by Rule 38 of the Rules of Civil Procedure and that his motion for trial by jury was based on Rule 39(b). Rule 39(b) provides as follows: "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a trial by jury in an action in which such a demand might have been made of right, the court *in its discretion* upon motion or of its own initiative may order a trial by jury of any or all issues." (Emphasis added.) Clearly the allowance of a jury trial under this section is within the discretion of the trial court and no abuse of discretion is made to appear in the present case. The assignment of error is overruled.

[2] In his next assignment of error, defendant contends that the court abused its discretion in reopening the case at the close of all the evidence after plaintiff and defendant had rested and allowing plaintiff to introduce further evidence. There is no merit in this contention. The trial court in its discretion may allow a plaintiff or defendant to introduce further evidence after they have rested. *State v. Satterfield,* 207 N.C. 118, 176 S.E. 466 (1934); *Featherston v. Wilson,* 123 N.C. 623, 31 S.E. 843 (1898); *Smith v. Perkins,* 5 N.C. App. 120, 168 S.E. 2d 14 (1969). See also *Williams v. Averitt,* 10 N.C. 308 (1824) and *Kelly v. Goodbread,* 4 N.C. 468 (1816). Defendant has failed to show any abuse of discretion in the present case, therefore, the assignment of error is overruled.

Finally, defendant contends that the evidence did not support the findings of fact upon which to base the conclusions of law. The record reveals that defendant did not except to either of the findings of fact or conclusins of law but only to the signing of the judgment.

[3]  It is well settled in this jurisdiction that an exception to the findings of fact and conclusions of law and the judgment of the court, without exception to a particular finding, is a broadside exception which does not present for review the admissibility of the evidence on which the findings were made or the sufficiency of the evidence to support the findings. 1 Strong, N. C. Index 2d, Appeal and Error, § 28, p. 157. Where there are no exceptions to the findings of fact, the findings are presumed to be supported by competent evidence and are binding on appeal. *Heating Co. v. Realty Co.*, 263 N.C. 641, 140 S.E. 2d 330 (1965). In the instant case, we hold that the findings of fact fully support the conclusions of law and the judgment.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges CAMPBELL and GRAHAM concur.