STATE OF NORTH CAROLINA v. JODIE V. AUSTIN

No. 7420SC74

(Filed 6 February 1974)

1. Criminal Law § 169— objection to evidence — subsequent similar evidence admitted without objection — no prejudice

In a prosecution charging defendant with having had carnal intercourse with his daughter on 6 March 1973 where the solicitor asked the prosecuting witness whether her father had had sexual relations with her after 6 March, the witness answered in the affirmative, and defendant then objected and moved to strike, defendant was not prejudiced since he subsequently allowed the witness to testify at length with respect to a subsequent incident involving sexual relations with him without further objection or motion to strike.

2. Constitutional Law § 33; Criminal Law § 88— testimony by defendant — recall of defendant for further cross-examination

A defendant is not required to testify in his own behalf, but if he does, he occupies the position of any other witness, is entitled to the same privileges and is equally liable to be impeached or discredited; therefore, it follows that a defendant who avails himself of the privilege of testifying in his own behalf is subject to being recalled for further cross-examination, since the court has full discretion to allow a witness to be examined at any stage of the trial out of the usual order or to be recalled for re-examination.

3. Criminal Law §§ 80, 89; Incest— motel registration card — genuineness of signature not proved — admissibility for corroboration

A motel registration card bearing the names of defendant and his daughter was admissible in an incest prosecution to corroborate

State v. Austin

testimony of the prosecuting witness even though there was no evidence as to the genuineness of defendant's purported signature on the card.

Judge CARSON dissenting.

APPEAL by defendant from *Chess, Special Judge,* 30 July 1973 Session Superior Court, UNION County. Argued in the Court of Appeals 22 January 1974.

Defendant, upon proper and valid indictment, was convicted of incest with his daughter. From judgment on the jury's verdict of guilty, defendant appealed.

Facts necessary to decision are set out in the opinion.

*Attorney General Morgan, by Associate Attorney Thomas M. Ringer, Jr., for the State appellee.*

*Joe P. McCollum, Jr., for defendant appellant.*

MORRIS, Judge.

[1] The indictment charged defendant with having had carnal intercourse with his daughter, Jane Denise Austin, on 6 March 1973. The solicitor asked the prosecuting witness whether her father had had sexual relations with her after 6 March. The witness answered: "Yes, Sir." At that point defendant interposed an objection. The solicitor then asked: "When was the last time he had sexual relations with you?" The witness answered: "April 20." At that point this appears in the record: "Objection. Motion to Strike. (No ruling) Exception No. 1." The witness, without further objection or motion to strike, related the sordid occurrences of 20 April.

Defendant allowed the witness to testify at length with respect to the episode of incest on 20 April without further objection or motion to strike. When incompetent evidence has been admitted over objection, and the same evidence is thereafter admitted without objection, the benefit of the objection is ordinarily lost. *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345 (1969). Regardless of the technical reasons for not considering defendant's first assignment of error, it is without merit. Defendant argues that it is prejudicial. This we certainly concede. We do not concede that it is error. Defendant cites the general rule that evidence tending to show defendant has committed a crime other than the one for which he is being charged is in-

admissible. However, "[c]ontrary to the general rule, in prosecutions for crimes involving illicit sex acts of a consensual character, it is permissible for the state to introduce evidence of both prior and subsequent acts of like nature as corroborative or explanatory proof tending to show the disposition of the defendant to engage in the act and rendering it more probable that the act relied on for conviction occurred." 2 Strong, N. C. Index 2d, Criminal Law, § 34, p. 540; *State v. Sutton,* 4 N.C. App. 664, 167 S.E. 2d 499 (1969). This assignment of error is overruled.

Defendant, in his brief, candidly states that his assignments of error two and three are abandoned.

**[2]** By his fourth assignment of error, defendant contends that the court committed reversible error when it required defendant to go back on the stand for additional questioning, upon motion of the State and over defendant's objection. Defendant urges that this was in direct violation of G.S. 8-54 which provides:

> "In the trial of all indictments, complaints, or other proceedings against persons charged with the commission of crimes, offenses or misdemeanors, the person so charged is, at his own request, but not otherwise, a competent witness, and his failure to make such request shall not create any presumption against him. But every such person examined as a witness shall be subject to cross-examination as other witnesses. Except as above provided, nothing in this section shall render any person, who in any criminal proceeding is charged with the commission of a criminal offense, competent or compellable to answer any question tending to criminate himself."

This statute gives a criminal defendant the privilege of testifying in his own behalf. It is not his duty to do so, and he cannot be compelled to testify. If he does, however, "he occupies the position of any other witness. He is entitled to the same privileges and is 'equally liable to be impeached or discredited.' " *State v. Williams,* 279 N.C. 663, 669, 185 S.E. 2d 174 (1971), and cases there cited.

It follows, therefore, that a defendant who avails himself of the privilege of testifying in his own behalf is subject to being recalled for further cross-examination, since the court has full discretion to allow a witness to be examined at any stage of the trial out of the usual order or to be recalled for re-examination.

---

---

1 Stansbury, N. C. Evidence, Brandis Revision, Witnesses, § 24; 7 Strong, N. C. Index 2d, Trial, § 14; *Rose and Day, Inc. v. Cleary*, 14 N.C. App. 125, 187 S.E. 2d 359 (1972), cert. denied 281 N.C. 315 (1972). This assignment of error is overruled.

[3] By defendant's remaining assignment of error, he contends that the court committed reversible error in allowing into evidence a card from the Alamo Plaza Motel, used for registering guests of the motel, which was dated 20 April 1973 and on which appeared the names of Jodie and Jane Austin. Defendant contends that this evidence was inadmissible because no witness had testified to the genuineness of any purported signature of the defendant on the exhibit. The evidence was not introduced for that purpose. The witness, the motel desk clerk, did not testify to the signature on the card nor was she asked whether defendant signed the card. The evidence was introduced by the State in rebuttal. The prosecuting witness had testified that defendant, her father, had taken her to a motel in Charlotte on 20 April and had had sexual intercourse with her at that motel. Defendant took the stand and by his evidence denied it. The evidence that the Alamo Plaza Motel in Charlotte had a registration card dated 20 April 1973 and bearing the names of Jodie and Jane Austin was offered in corroboration of prosecuting witness's evidence on direct examination. This card was made in the regular course of business. Its credibility was for the jury, who could have inferred that someone else signed the card, that there was another Jodie Austin, or that Jane Austin was there with another man who used her father's name. The evidence might or might not, in the eyes of the jury, corroborate the prosecuting witness. It was, however, offered for that purpose, and for that purpose was admissible.

We find no reversible error in defendant's trial.

No error.

Chief Judge BROCK concurs.

Judge CARSON dissents.

Judge CARSON dissenting.

The defendant's daughter, Jane Austin, testified that the defendant committed an act of incest with her on two specific

occasions—6 March 1973, the date alleged in the bill of indictment, and 20 April 1973, the date she says that her father took her to the Alamo Plaza Motel in Charlotte. The defendant denied taking his daughter to the Alamo Plaza Motel on 20 April, but he admitted being with her in Charlotte on that date. He testified that the principal of the school she attended called him to come and get her on that date and that he took her with him to Charlotte to look at an automobile he was considering buying. He denied ever having had sexual relations with her. In rebuttal, the State did not recall Jane Austin to the witness stand. It called Mrs. E. S. Wolf, a desk clerk at the Alamo Plaza Motel in Charlotte.

Mrs. Wolf testified that she had been working for the Alamo Plaza for 23 years and was familiar with the records kept by the motel. She identified state's exhibit 7 as a registration card that:

. . . we have the guest write their names and their home address on. Before they check in they write on it and then they pay. This is the type of card that was used by the Alamo Plaza Motel on the 20th of April, 1973.

Q. And whose name appears thereon?

Objection. Overruled.

A. Jodie and Jane Austin.

Exception.

The address is 608 State Street, Rockingham, N. C. It is the customary practice of the motel to have the guests to sign his or her (sic) before checking in. It is in handwriting.

State's exhibit 7 was introduced into evidence over the objection of the defendant.

There can be no doubt but that the registration card bearing the purported signature of the defendant was highly prejudicial to the defendant. It was the only evidence other than the testimony of the daughter directly bearing on whether or not the defendant had committed the acts in question. The only question before us, therefore, is whether or not the introduction of this registration card into evidence was erroneous.

The defendant cites the case of *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971), in support of his position that the document was inadmissible unless the signature was shown to be his signature. In the Vestal case several paper writings were admitted into evidence over the objection of the defendant. These paper writings were a financing statement, a chattel mortgage, a note, and a check. A signature purported to be of the defendant was on each of the documents. The court held that introduction of these documents was erroneous without handwriting testimony or other testimony showing that the signature on them was actually that of the defendant. The State in its brief candidly admits that it is unable to distinguish the ruling in the Vestal case from the facts in the instant case. I agree that the admission was erroneous and believe that it was also highly prejudicial.

The majority opinion further states that the admission of the registration card was only for the purpose of corroborating the testimony of Jane Austin. However, no mention of corroboration was made either at the time of its introduction or in the subsequent charge of the jury. Without any restrictions imposed by the trial court, the jury most likely considered the document as substantive evidence. Regardless of the purpose, however, its introduction was erroneous and highly prejudicial to the defendant. I believe that a new trial should be awarded.