*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*<br>DECIDED NOVEMBER 6, 1919.

Certiorari; from Grady superior court—Judge Harrell.  March 27, 1919.

*L. W. Ripley,* for plaintiff in error.

*Ira Carlisle,* contra.

---

### 10702.  CITY OF ATLANTA v. WHITLEY.

1. The petition set out a cause of action against the city, and there was no error in overruling the demurrer.

2. A child only two and a half years old is incapable of contributory negligence.  *Crawford* v. *Southern Ry. Co.*, 106 *Ga.* 870 (2), 877 (33 S. E. 826).

3. The following charge is complained of:  "If it [the defendant] failed to exercise ordinary care in the matter of keeping its streets in a reasonably safe condition, in one or more of the particulars charged in the plaintiff's petition and amendment, that would constitute negligence."  Although this excerpt from the charge of the court standing alone is subject to the criticism made, when considered in connection with the language immediately preceding it and that immediately following it no such error was committed as to require a reversal.  The language immediately preceding the excerpt is as follows: "Ordinary care means just that care that every prudent man would exercise under the same or similar circumstances.  That is the measure of its duty, and with this definition it becomes a question of fact for the jury to say whether, in so far as the particulars charged by the plaintiff in her petition and amendment are concerned, the city exercised through its agents and employees ordinary care or failed to do so.  If it exercised ordinary care in keeping its streets reasonably safe, that would be the measure of its duty and there would be no liability."  The language immediately following the excerpt is as follows:  "Then, with this definition, you would for yourselves decide whether it was or was not negligent."

4. Exception is taken to the following charge:  "Damages are given as compensation for the injury done, and generally this is the measure when the injury is of a character of being estimated in money, that is, gentlemen, when the law permits damages to be recovered at all in

a case like this, it seeks to give fair compensation, fair pay, for the injury done, and you will keep this rule in mind in passing on the classification of damages involved in this case." This excerpt from the charge of the court is substantially a statement of the law as contained in the Civil Code (1910), § 4502, and when considered in connection with the entire charge contains no reversible error.

5. A recovery being sought for pain and suffering on account of injury to the knee of a female child, evidence that scars caused by the injury remained a considerable length of time after two operations had been performed upon the knee, which caused it to be one fourth of an inch larger in circumference than her other knee and that as a result of the injury her leg was "crooked," and in walking she would never have "true use" of her foot, was sufficient proof to authorize a charge on the subject of deformity. There is no merit in the exception to the charge of the court on that subject.

6. Upon a consideration of the whole record, it does not appear that a verdict for $940 was so excessive as to authorize the inference of gross mistake or undue bias on the part of the jury.

7 While the testimony is conflicting, there is ample evidence to sustain the allegations of the petition, and the court did not err in overruling the motion for a new trial.

                    DECIDED NOVEMBER 6, 1919.

Action for damages; from city court of Atlanta—Judge Reid. May 31, 1919.

*James L. Mayson, Jesse M. Wood,* for plaintiff in error.

*Walter A. Sims,* contra.

SMITH, J. In order that the rulings made in the 1st and 5th headnotes may be better understood, we deem it proper to make the following brief statement of the case and the evidence adduced on the trial:

Martha Whitley, two and a half years old, by her mother as next friend, brought suit against the City of Atlanta for damages on account of personal injuries alleged to have been received by reason of a sewer-pipe falling upon her while she was walking upon and along a sidewalk of one of the streets of the defendant city. The petition alleged that on the day previous to the injury, the defendant, when engaged in laying a sewer in a named street, by its agents and employees, placed a lot of sewer-pipes in the street and next to the sidewalk in an insecure, negligent, careless, and leaning position; that the street sloped towards the sidewalk; that the pipes were placed in soft earth where they would gradually sink, and the tops of the pipes were leaning towards the sidewalk. It was further alleged that on account of the sewer-pipe falling upon the plaintiff, the bone in her right hip and leg were bent,

pressed and broken about the knee; that the bone in her knee joint of her right leg was broken and her right knee joint wrenched, strained, and dislocated, and that the two bones between the ankle and the knee were bent and the muscles and ligaments which held the bones together were broken; that she will always be a cripple by reason of said injuries, and that she has suffered great physical pain and mental anguish ever since she received the injuries for which damages are sought; that it was necessary for her to be operated upon, and that the doctor who performed the operation made two incisions through the skin and flesh in her right leg and hip, which will cause her to be permanently scarred.

The court properly overruled the demurrers interposed to the petition, as a cause of action was set out. It is admitted that the defendant had a right to place the sewer-pipes in the streets, but it is contended that the cause of plaintiff's injuries was the *manner* in which the pipes were placed on the ground and in the street. In *Jones* v. *Atlanta*, 142 *Ga.* 151 (82 S. E. 540), it was held that where a city placed a part of a fence in an alley and left it in such a leaning position as to cause the same to fall over and injure a pedestrian, the city was liable.

The following evidence, briefly stated, was adduced on the trial of the case, which in our opinion was amply sufficient to authorize the charge complained of on the subject of deformity: Dr. W. E. Jankey testified that he attended the plaintiff in the year 1917, and found that she had an infection of the right knee and a dislocation of the knee joint; that he operated on her, and that an injury of this kind was very painful; that she has a permanent injury, and that in walking she will not have "true use" of the foot. There was also evidence to the effect that there was a differenence of a quarter of an inch in the size of the two knees, and that there was a scar on the outside surface at the knee joint where an incision had been made and a drainage placed. The child's mother testified that it had not grown much since the injury, and that it was very delicate. "In walking on the floor she stumbles and falls like she absolutely gives out. She does not grow very much, seems to be stunted to some extent on account of it [the injury]. The girl walks differently, in that her leg is crooked and she walks with her foot in. Her toes turn in, her leg is crooked. She did not walk that way before she got hurt."

There was no such fatal variance between the allegation as to the place where the injury happened and the proof as to the place where it did happen as to bring into consideration different principles of law applicable to the question of liability. In other words, the proof sustained all of the material allegations of the petition. The petition alleged that the plaintiff was walking upon and along the sidewalk by the side of the sewer-pipes, when all of a sudden, and without warning, one of them fell over and struck her upon the right hip. The plaintiff's mother testified that the pipes were placed in a gutter running parallel to the sidewalk, and were "leaning towards the sidewalk, right at the sidewalk;" that "when the child was hurt, I went down there to get her, and after the excitement was over I saw the sewers. . . When the sewer-pipe was pulled off of the little girl she was lying right on the sidewalk where the people walk."

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*