## 26647. ATLANTA LIFE INSURANCE CO. *v.* ROGERS.

DECIDED MARCH 31, 1938.

*R. B. Williams, A. R. Ross,* for plaintiff in error.
*Will Ed Smith,* contra.

GUERRY, J. In her petition Donie Rogers alleges that she was injured while on the premises of the defendant, Atlanta Life Insurance Company, as an invitee, and prays for damages. The petition is in two counts, which differ only in the description of the defect in the flooring of the defendant's office, which is alleged to have caused the injuries sued for. In count 1, it is alleged that the defect consisted in a "hole" in the floor, and in count 2 it is alleged that the defect consisted of "a weak place" in the floor. In this State it is permissible for a petition to contain more than one count, each of which refers to the same cause of action, but differing from each other in substantial particulars as to the details of the transaction. *Gainesville & Dahlonega Electric Ry. Co. v. Austin,* 122 *Ga.* 823 (3) (50 S. E. 983). In the trial of such a case it is not required that the judge, in his charge to the jury, deal separately with each count of the petition, as though two distinct and independent cases were on trial, or instruct the jury to inform the court on which count they find, in the event they return a verdict in favor of the plaintiff. *Gainesville & Dahlonega Electric Ry. Co. v. Austin,* 127 *Ga.* 120 (4) (56 S. E. 254); *Zemurray v. Mansor,* 28 *Ga. App.* 602 (112 S. E. 296).

On the trial the plaintiff testified positively that she fell through a *hole* in the floor of the defendant, and several other witnesses introduced in her behalf testified that they had been in the reception room of the defendant's place of business and had seen a hole in the floor. On the other hand, one witness for the plaintiff and

all of the witnesses for the defendant testified that the plaintiff did not fall through a hole in the floor, but that a piece of flooring about 3½ inches wide and 14 inches long gave way under the weight of plaintiff. In this connection the evidence disclosed that the board gave way because of the rotten condition of the underpinning to which the end of the board was fastened. It will be readily seen that this testimony authorized the jury to find either that there was a hole, or a weak place in the floor. The defendant contends, however, that the evidence was not sufficient to authorize the jury to find as to the weak place in the floor, that the defendant could have discovered the defective condition by the exercise of ordinary care, and that the trial judge erred in submitting to the jury the theory of recovery by the plaintiff set out in count 2. We are of the opinion that this was a question for the jury and that it can not be said as a matter of law that the defendant could not have discovered this condition by the exercise of ordinary care in keeping its premises safe for those invited by it to come thereon. See in this connection *Hickman* v. *Toole,* 35 *Ga. App.* 697 (134 S. E. 635) ; *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (116 S. E. 57).

In the present case there is evidence from which it is inferable that the floor had been in use for some time. One witness testified : "The flooring was worn in several places. . . I do not recall that the flooring was worn at the place in front of the Atlanta Life Insurance Company's office door, where the plaintiff fell. It was worn at the street entrance and several other places from several years use." It is true that the evidence for the defendant would indicate that the surface of the floor appeared solid, and that the agent of the defendant, in charge of the office, testified : "It would have been necessary to excavate the ground and go under the flooring and make a general inspection to discover any defects underneath such as this one ;" however, we can not hold that this evidence demanded a finding that the defendant could not, by the exercise of ordinary care, have discovered the defect. The floor had apparently been in use for some time, and in several places had become worn. The jury were authorized to conclude that the defendant should have made an inspection of the floor, and that a proper inspection, under the known circumstances, would have disclosed its defective condition. In *Fulton Ice & Coal Co.* v.

*Pece,* supra, which was a suit by Pece against the Fulton Ice & Coal Company for damages for injuries alleged to have been inflicted upon him by the bursting of a steel drum while he was on the premises of the defendant as an invitee, the court said in part: "It is claimed that an inspection of this particular instrumentality, which was a 'closed vessel,' is shown by the allegations of the complaint to have been altogether impracticable, if not impossible. If the defendant did not know that it was in a safe condition for the purpose in hand, it was its duty, as above concluded, to find out, if it could do so in the exercise of ordinary care. If by the exercise of such diligence its condition could not have been found out, then the defendant should not, in ignorance thereof, under the case as pleaded, have dealt with the instrumentality in the manner alleged. If ordinary care requires an inspection, it requires that inspection even if it may be difficult. The difficulty of the inspection does not determine the degree of care, but the degree of care may determine the extent of the inspection. In other words, to say that one should make an inspection, however difficult it may be, does not impose a higher degree of care than ordinary care, provided that to the extent of such care the inspection was required. If ordinary diligence demands an inspection, then the difficulty of making that inspection, however great, will not enlarge the degree of diligence which the law requires. Again, there may be other modes of inspecting an instrument such as this drum besides a visual examination; as a matter of law we can not say. An expert might determine its condition by sounding or in other ways which might suggest themselves. It can not be held as a matter of law that an inspection was so impracticable as that in ordinary diligence it could not have been done." The language of this decision we think is peculiarly applicable to the facts of the present case. We also think that the case of *Cuthbert* v. *Schofield,* 35 *Ga. App.* 443 (133 S. E. 303), is equally distinguishable. That was a suit by an invitee, against the owner and occupier of certain premises, for damages for injuries alleged to have been sustained by the plaintiff when a step of an outside stairway on the premises gave way. The court in testing the sufficiency of the petition against general demurrer, held that since the petition alleged that the step which gave way "was apparently sound and in safe condition," that "to require an inspection of the underside of such a step in

order to ascertain if, contrary to appearances, it was in fact in an unsound and unsafe condition, would be to demand the exercise of a most extraordinary degree of diligence," and that therefore the petition did not state a cause of action.

In the present case we are concerned with the sufficiency of the evidence to support the verdict as to count 2, and, as we have pointed out, there was evidence from which the jury could infer that the defendant should have inspected the floor, and that a proper inspection would have disclosed its defective condition. The defendant is liable to the plaintiff for injuries sustained, occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe. *Fuller* v. *Louis Steyerman & Sons Inc.,* 46 *Ga. App.* 830 (169 S. E. 508). The duty arose from the relationship of the parties, and not only after actual knowledge of the defect. Whether the defective condition could have been discovered by the use of ordinary care was a question for the jury, and the fact that there were several worn places in the floor, although it *appeared* sound at the point where it gave way, and the fact that the floor gave way, were circumstances which the jury could take into consideration, along with others, in determining whether ordinary care required an inspection of the premises. *Napier* v. *Pool,* 39 *Ga. App.* 187 (3) (146 S. E. 783). An owner or occupier of premises is not in all cases relieved from an inspection of the floor because the premises are so constructed as to make the underside of the floor inaccessible to inspection. The above ruling covers the assignments of error in the motion for new trial as amended. The evidence supports the verdict, which can not be held, in the light of all the evidence, to be excessive, and the trial judge did not err in overruling the motion for new trial as amended. The above opinion is substituted on rehearing for that originally rendered.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., dissents.*