37053, 37054. PARKER *v.* JOHNSON *et al.* (two cases).

CARLISLE, Judge. 1. "Ordinarily questions of negligence, gross negligence, contributory negligence, and whose negligence was the proximate cause of an injury and related questions are for the jury alone, and the courts will decline to solve such questions on demurrer or by a decision on the general grounds of the motion for a new trial except in plain, palpable and indisputable cases." *Brown v. Binns,* 87 *Ga. App.* 485 (2) (74 S. E. 2d 370); *McGowan v. Camp,* 87 *Ga. App.* 671, 674 (75 S. E. 2d 350). Gross negligence is the failure to exercise slight diligence. Slight diligence means that care which every man of common sense, howsoever inattentive he may be, takes of his own property. Code § 105-203.

2. In the instant case the facts alleged are substantially that the plaintiff was riding as a guest in the automobile of the defendant Johnson, driven by Mrs. Johnson; that the defendant, Mrs. Johnson, was operating the automobile southwardly on Highway 27 at a speed of about 40 miles an hour; that she

suddenly slowed the automobile to a speed of about five miles per hour and prepared to make a left turn into a private driveway; that the automobile was struck from the rear by an automobile owned by the defendant, C. J. Philpot, and driven by his son, the defendant Joe Philpot, who was alleged to have been operating his automobile negligently in that he was operating it at too high a rate of speed and following too closely on the automobile of the defendant Johnson. The defendant, Mrs. Johnson, was alleged to have been negligent in suddenly slowing down and decreasing the speed of the automobile in said highway and in failing to give any signal whatsoever of her intention to make said left-hand turn within and not less than the last 100 feet traveled before attempting to turn the said automobile. The failure to give the signal was alleged to have been negligence per se in violation of certain provisions of the uniform act regulating traffic on the highway. This act requires that a signal of intention to turn right or left, when required, shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. Under these facts, and under the authority cited above, the petition set forth a cause of action against the defendant, Mrs. Johnson, and it was for the jury to say whether the acts alleged, if proved by competent evidence, constituted gross negligence, and the trial court erred in sustaining the general demurrer as to the defendants Johnson and in dismissing the case as to them.

3. "A petition seeking to recover damages on account of alleged negligence should not be dismissed on the ground that the plaintiff could by the exercise of ordinary care have avoided the consequences of the negligence alleged unless the petition discloses facts demanding such a conclusion as a matter of law." *Collins* v. *Augusta-Aiken Ry. & Electric Corp.*, 13 *Ga. App.* 124 (2) (78 S. E. 944). "It is not the general rule that one who seeks to recover for the negligence of another is required to negative by his petition such lack of care on his own part." *Hardwick* v. *Figgers*, 26 *Ga. App.* 494 (2) (106 S. E. 738). The petition, which alleges that the plaintiff was a passenger in an automobile driven by the defendant and which fails to allege any facts showing negligence on the plaintiff's part, is not subject to this ground of demurrer.

*Judgments reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 3, 1958.

*George G. Finch, James Coggins, Walter W. Aycock,* for plaintiff in error.

*Powell, Goldstein, Fraser & Murphy, Robert R. Harlin, Claude Driver, Harold L. Murphy, D. B. Howe,* contra.