### 38745. CURRY v. DURDEN *et al.*

Townsend, Presiding Judge. 1. "In order for the directing of a verdict to be error, it must appear that there was some evidence, together with all reasonable deductions and inferences from it, to support a verdict for the party against whom it was directed, and in determining this question the evidence must be construed in its light most favorable to the party against whom it was directed." *Whitaker v. Paden,* 78 Ga. App. 145 (1) (50 S. E. 2d 774).

2. The evidence in this case clearly shows that the pedestrian plaintiff, an elderly woman, crossed a street heavily laden with traffic moving in a westerly direction only, and that immediately before or during the process of stepping up on the curb she came in contact with the defendant's automobile and suffered a broken hip and other injuries. There was testimony by a number of witnesses that the plaintiff, as she stepped onto the curb, fell back against the left rear door and fender of the defendant's automobile and that the defendant was in no way negligent. However, the plaintiff testified that the defendant hit her with the car; that the car was back of her and struck her right hip at a time when she had one foot in the gutter and the other on the curb. Another witness testified that he heard the impact and, looking up, saw the plaintiff lying *in front of* the automobile, about four feet in front of the left front bumper, and saw the driver run to the front bumper of her car, and lift the plaintiff up to put her on the sidewalk. This testimony was in direct conflict with that of the witnesses for the defendants who were at the scene, all of whom swore that the plaintiff fell against the side of the car, and that the car did not back up after the impact. Construed in favor of the losing party, it is sufficient to present a jury question as to whether the plaintiff, while partially in the street, was struck by the automobile, or whether she fell back against the automobile. *Frazier v.*

*Georgia R. & Bkg. Co.*, 108 Ga. 807 (1) (33 S. E. 996) along with other cases relied upon by the defendants in error, states the rule that circumstantial evidence from which the existence of a fact might be inferred cannot prevail over the positive and uncontradicted testimony of unimpeached witnesses that no such fact existed, *provided the testimony is consistent with the circumstantial evidence relied on.* If the plaintiff here was, immediately after impact, lying four feet in front of an automobile which had not backed up after the collision, it is scarcely conceivable that the plaintiff could have fallen against the side of the automobile, it being obvious from all of the evidence that the plaintiff did not arise and move her own position until she was placed on the sidewalk with the aid of bystanders. Neither this court on appeal nor the trial court in directing a verdict has any discretion to determine where the preponderance of evidence lies. There is in this case a conflict of testimony substantial enough to carry the case to a jury, and the special grounds of the motion for a new trial complaining of error in the court's direction of a verdict for the defendants was meritorious.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED MARCH 16, 1961.

*Findley, Shea, Friedman, Gannam, Head & Buchsbaum, Michael J. Gannam, Spivey & Carlton, Milton A. Carlton,* for plaintiff in error.

*Sharpe & Sharpe, Malone Sharpe,* contra.