44609.   HANCHEY v. HART et al.
44610.   GARNER v. HART et al.

ARGUED JULY 9, 1969—DECIDED NOVEMBER 7, 1969—
REHEARING DENIED NOVEMBER 20, 1969.

*Conger & Conger, J. Willis Conger, Alexander, Vann & Lilly, Roy M. Lilly,* for appellants.

*Perry, Walters, Langstaff & Lippitt & Campbell, Robert B. Langstaff, Miller & Kirbo, Bruce W. Kirbo, Julian Webb, Twitty & Twitty, Frank S. Twitty, Harold Lambert,* for appellees.

HALL, Judge. In our opinion the trial judge·was in error in refusing to allow a trial on the issue of whether the actions of the plaintiffs, based upon the totality of the circumstances including conflicting testimony as to the density of the fog, were

those of reasonable men. As Chief Justice Doe, one of our nation's greatest judges, said almost a century ago, things will "come to a strange pass" if a man or woman needs a course of legal study before he dares to act in a reasonable and necessary manner. Aldrich v. Wright, 53 N. H. 398 (16 AR 339).

"Here we start with the general proposition that issues of negligence, including such related issues as wanton or contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner." 6 Moore's Federal Practice (2d Ed.) 2583, § 56.17 (42). "Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as in other kinds of litigation. . . Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man." 3 Barron & Holtzoff, Federal Practice and Procedure, 106, 109, § 1232.1. This principle has historical background in Georgia as to the directing of a verdict in a negligence case: "The question of fault or negligence is a question for the jury . . . ; what constitutes it is made up of facts and circumstances which are to be weighed and considered by them. . . For a judge [or this court] to usurp their authority and decide for them would be an encroachment upon their duties . . . courts are not to presume juries will not find correctly." *Central R. v. Freeman,* 66 Ga. 170, 173. As this court stated recently, "Questions necessitating a decision as to whether a given state of facts shows that lack of ordinary care for one's own safety which will bar recovery (within which category are placed those situations amounting to the assumption of the risk involved) or only that comparative negligence which will reduce it are generally for the jury." *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616). See also *McCurry v. Bailey,* 224 Ga. 318 (162 SE2d 9).

The case of *Reid v. Southern R. Co.,* 52 Ga. App. 508 (183 SE 849), upon which the trial court based its ruling, is inapposite for the reason that its premise relies upon the old discarded pleading principle that the petition should be construed

most strongly against the pleader. The present rule of construction on both a motion to dismiss and a motion for summary judgment has been repeated by this court so consistently that it needs no citation: The movant has the burden and the opposing party is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the petition and evidence; the movant has this burden even as to issues upon which the opposing party would have the trial burden.

In our opinion the controlling authority on this question is *Kreiss v. Allatoona Landing, Inc.*, 108 Ga. App. 427, 432 (133 SE2d 602), wherein it was held: "This court cannot accept the premise that every person injured *while walking in darkness regardless of the attendant circumstances* has failed to exercise care for his own safety and thus is precluded by law from recovering for his injuries." Insofar as to any earlier cases to the contrary, the court overruled the same. P. 435. This being the law as to a plaintiff walking in darkness, it of necessity follows that it is the law as to a plaintiff driving an automobile who approaches a strip of fog and smoke of unknown length about which witnesses are in dispute as to its density. "Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness." *Shockley v. Zayre of Atlanta, Inc.*, 118 Ga. App. 672, 675 (165 SE2d 179).

This court cannot say that the evidence shows as a matter of law that the plaintiffs assumed a foreseeable unreasonable risk of harm. Defendant Whitehead contends further that there is no evidence to support a finding that the smoke from his sawmill was a contributing cause of the collisions. We disagree. In response to Whitehead's interrogatory on the cause of the accident, Garner answered, "Smoke from defendant Whitehead's sawmill had mixed with fog and settled on Highway U. S. 84 at the sawmill." In our opinion, reasonable men could disagree whether this risk (that smoke would mix with fog and obscure vision on the highway) was foreseeable. In his affidavit, Whitehead stated that prior to this occasion he had known that the smoke would "settle down . . . when there was a heavy fog."

If a jury were to find the risk foreseeable, the question would then become: was it unreasonable; was the risk of such magnitude as to outweigh the utility of the defendant's conduct (continuous burning of sawdust during a fog)? American Law Institute, Restatement, Torts (1934 Ed.) p. 785 et seq., §§ 291-293. The magnitude of the risk involves the social value of the interest imperiled (safety of motorists), the probability of harm, and the likely extent of harm. Id. p. 791, § 293. Factors relating to the utility of particular conduct are the social usefulness of the enterprise (here, a sawmill), the value of the particular way of conducting the enterprise (continuous burning of sawdust), and the extent to which defendant's interest can be advanced by another and less dangerous course of conduct (such as discontinuing the burning during a fog or providing chimneys which rise above the usual fog level). Id. p. 788, § 292. We believe reasonable men could disagree whether, if the risk to the plaintiffs was foreseeable, it was unreasonable, considering the magnitude of the risk and the utility of defendant's conduct. *Johnson v. Thompson*, 111 Ga. App. 654, 657 (143 SE2d 51).

The trial court erred in granting the defendants' motions for summary judgment.

*Judgment reversed. Jordan, P. J., and Whitman, J., concur.*