46982. AMERICAN LIGHTING & SUPPLY COMPAŤY v. BALDWIN.

Clark, Judge. Defendant appeals from a denial of its motion for summary judgment in a "slip and fall case" which was certified for review.

Plaintiff's verified complaint as a customer and invitee in defendant's place of business alleged defendant caused and allowed some invisible, slippery substance to exist on the composition tile floor; that the floor appeared to be safe and secure but due to defendant's negligence the floor was slippery and without safe footing with the result that she fell and suffered injuries.

Defendant's verified answer denied the material allegations of the complaint. Its summary judgment motion is based

upon the pleadings, the plaintiff's deposition taken for the purpose of cross examination and discovery, and the affidavits of its manager, George W. Abercrombie, and its bookkeeper, Mrs. Vera Smith.

Plaintiff filed her affidavit in opposition to the motion.

"Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of *summary* adjudication whether for or against the plaintiff or the defendant, but must be resolved by a trial in the ordinary manner." *Wakefield v. A. R. Winter Co., Inc.,* 121 Ga. App. 259 (174 SE2d 178); *Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918); *Reed v. Batson-Cook Co.,* 122 Ga. App. 803 (3) (178 SE2d 728).

"Where a party to a case, upon whom the burden of proof upon the trial of the case does not lie, makes a motion for summary judgment, all of the evidence adduced on said motion, including the testimony of the party opposing the motion, must be construed most strongly against the movant. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Durrett v. Tunno,* 113 Ga. App. 839, 841 (149 SE2d 826); *Boatright v. Padgett Motor Sales,* 117 Ga. App. 578, 581 (161 SE2d 402)." *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (183 SE2d 78).

Having regard to the above stated principles and also having regard to the evidence presented on motion for summary judgment (from which there appears to be a genuine dispute as to the condition of the floor and whether the defendant was chargeable with knowledge under the circumstances) we find that the trial court properly denied the defendant's motion for summary judgment.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
ARGUED MARCH 8, 1972—DECIDED APRIL 5, 1972.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr., Peter K. Kintz,* for appellant.

*Swertfeger, Scott, Pike & Simmons, M. H. Blackshear, Jr.,* for appellee.