## 47015.  MARCINKOWSKI v. STROTHER FORD, INC.

BELL, Chief Judge. In this personal injury action arising out of an intersection collision, the plaintiff alleged that the defendant Strother Ford and the defendant Downie both negligently caused his injuries. Strother's motion for summary judgment was granted.

Plaintiff's complaint alleged that the appellee Strother negligently conducted a safety inspection which included inspection of the brake system of the Downie automobile on the day preceding the collision. It is undisputed that Downie's brakes failed to function and he collided with plaintiff's car; that the safety inspection performed upon Downie's 1962 Thunderbird was performed by a mechanic, Mickey Robinson, then an employee of Strother and a safety inspection sticker was applied. No evidence from this individual was submitted as to how the inspection was conducted. In support of the motion for summary judgment the only evidence concerning a safety inspection is found in the deposition of Strother's former service manager who had left its employ more than five months prior to the inspection. This witness testified as to safety inspection procedures while he worked for Strother; that a safety sticker would only be issued if the brakes were functioning normally. This testimony shows nothing as to the safety inspection in question. On motion for summary judgment the burden to establish the lack of a genuine issue of material fact and the entitlement to a judgment as a matter of law is upon the moving party. *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749). The testimony of the former

service manager does not pierce the allegation of Strother's negligence nor does it show that in fact a proper safety inspection was conducted by the mechanic on plaintiff's car. On this issue his testimony was worthless as he was not an employee of the appellee at the time the safety inspection was made and obviously knew nothing about the skill or lack of it used in the inspection. Thus the evidence is totally insufficient to show as a matter of law that the inspection was properly made or that Strother was free of negligence. This issue remains in the case. The trial court erred in granting the motion for summary judgment.

*Judgment reversed. Eberhardt, P. J., concurs. Evans, J., concurs specially.*

ARGUED MARCH 7, 1972—DECIDED APRIL 7, 1972.

*Ross & Finch, Charles E. McCranie, Malcolm P. Smith,* for appellant.

*Edwards, Awtrey & Parker, A. Sidney Parker, Van Gerpen & Bovis, Earl J. Van Gerpen, Steven Kyle,* for appellee.

EVANS, Judge, concurring specially. I concur in the opinion and judgment because the summary judgment law requires a defendant, who moves for summary judgment, to knock down the allegations of the plaintiff's petition. Here the re-written complaint alleges that Strother Ford, Inc. *negligently* inspected plaintiff's car; and that the wreck was "*caused by the negligence of the defendants.*" Prior to the new Civil Practice Act such allegations would have been subject to demurrer as alleging conclusions only, but now all allegations of pleadings are construed most favorably toward the pleader. Strother Ford does make out a very strong case, showing that the wreck occurred two days after the inspection, and that the car operated perfectly in hazardous driving during the interim. There is nothing except very general and vague allegations in the complaint to suggest the car was defective at the time it was inspected or immediately after. But, under *Code Ann.* § 81A-156 (Ga. L.

1966, pp. 609, 660; 1967, pp. 226, 238) and such cases as *Raider v. Rayette-Faberge, Inc.*, 123 Ga. App. 328, 329 (181 SE2d 83); and *Candler General Hospital v. Purvis*, 123 Ga. App. 334 (1) (181 SE2d 77), the plaintiff's case, though very weak, was enough to withstand the onslaught of a motion for summary judgment.