### 47063. MITCHELL v. COX.

EVANS, Judge. Claudie Mae Cox sued Gassie Mitchell for the wrongful death of her minor child, who was less than three years old at the time of the fatal injuries. She alleged that death was caused by the negligence of the defendant truck driver. Defendant denied the material allegations of the complaint and filed an affirmative defense in which he contended the child's death resulted from an accident, or that death was the result of the negligence of the child's mother, who was plaintiff in the case.

Motion for summary judgment was filed by defendant, in support of which depositions of plaintiff and defendant were offered. Defendant also introduced affidavits of the

plaintiff, of the owner of the truck (who was the defendant's employer), and of a State patrolman.

In response to defendant's motion for summary judgment, plaintiff submitted her own affidavit, the affidavit of her husband and an additional affidavit of the State patrolman. The motion was denied and defendant appeals. *Held:*

1. The courts of this State have repeatedly held that a minor child of tender years is incapable of contributory negligence. *City of Atlanta v. Whitley,* 24 Ga. App. 411 (2) (101 SE 2); *City Ice Delivery Co. v. Turley,* 44 Ga. App. 32, 37 (160 SE 517); *Anthony v. Dutton,* 73 Ga. App. 389 (2a) (36 SE2d 836); *Crawford v. Southern R. Co.,* 106 Ga. 870 (2) (33 SE 826).

2. The evidence in the record discloses many conflicting statements and suppositions in regard to how the child was killed by the pulpwood truck on a dirt road in front of its home. Further, the motion is based upon the opinion testimony of both the defendant and the State patrolman. Opinion testimony of an ultimate material fact is never sufficient as a basis for the grant of a motion for summary judgment. *Waldrop v. Padgett,* 121 Ga. App. 313 (173 SE2d 457); *Ga. Osteopathic Hospital v. Davidson,* 121 Ga. App. 371 (173 SE2d 734); *Jordan v. Scherffius,* 121 Ga. App. 685 (175 SE2d 97). The testimony was circumstantial as to whether the child was first hit by the front or rear wheels; it was conflicting as to whether the child ran into the side of the truck; the testimony was conflicting as to the speed of the truck and the condition of the brakes. The truth of these issues can be solved only by a jury, and in such cases, summary judgment should not be granted. *Elder v. Smith,* 121 Ga. App. 461 (174 SE2d 239); *Caldwell v. Gregory,* 120 Ga. App. 536 (171 SE2d 571); *Connors v. City Council of Augusta,* 120 Ga. App. 499 (171 SE2d 578). Issues as to negligence, assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative

negligence, all of which are in this case, are ordinarily not susceptible of summary adjudication, but require determination by a jury. See *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259 (174 SE2d 178).

3. The testimony of Gassie Mitchell, defendant, taken by depositions, was enough in itself to create a jury issue as to negligence of defendant. He testified that he was familiar with the house of plaintiff; knew that her crib or barn was across the road from the house; that the house was on the edge of the road, just a few feet away; that he parked his truck in her yard often; that he passed the house about six times each day in the truck; that he knew she crossed the road towards the barn from time to time to get firewood; that on the day in question he saw her and the minor child standing by the road, when he was about 80 or 90 steps away; that she had an axe in her hands, and the child was standing beside her; that when he saw the plaintiff he stepped on the accelerator; that he had plenty of time to stop; that he took his eye off the mother and child and then it happened; that if he had kept his eye on the child he could have stopped within two feet and it would not have happened.

Of course, the testimony of a party must be construed most strongly against that party, "and he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him." *Southern R. Co. v. Hobbs*, 121 Ga. 428 (1) (49 SE 294).

It is difficult to follow the reasoning of defendant's counsel, in view of the above testimony of his client, to the effect that he ought to have summary judgment granted in his favor.

The lower court did not err in denying the motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*
Argued April 3, 1972—Decided April 25, 1972.

*A'Delbert-Bowen,* for appellant.
*Jesse G. Bowles,* for appellee.