### 47784. LOCKHART v. BEAIRD.
### 47785. LOCKHART v. DENTLEY.
### 47786. LOCKHART v. WARNER.

QUILLIAN, Judge. The instant companion appeals concern property damage suits which arise out of the same accident and involve the same issues. For purposes of clarity, we shall refer to the parties involved in the singular. The plaintiff's complaint set out that the defendant negligently abandoned a 1970 Volkswagen on Interstate Highway 20 resulting in a 7-car collision. The defendant filed a motion for summary judgment on the ground that there was no issue as to any material fact. In support of the motion was the defendant's affidavit which contained the following statement: while returning home from his job the defendant's 1970 Volkswagen suffered both a flat tire and mechanical failure; the defendant was in the far left-hand lane of 3 lanes of traffic heading west on Interstate 20 and because of the heavy traffic he was

unable to move into the right lane; because of the rail dividing the east and west bound lanes of Interstate 20, the defendant was unable to move his car off the left side of the highway; because of mechanical failure the car did not operate on its own power and the defendant was unable to move it. The affidavit further stated that the defendant turned on his emergency blinker and raised the hood of his automobile; the defendant then left his automobile to get help and returned some minutes later with a wrecker. However, a multi-car collision had already occurred.

By supplemental affidavit the defendant set out that he had not previously had any problems with his car which at the time was only a little over a year old; that he had maintained the car in accordance with the Volkswagen Manual; that the car had passed the state inspection about a month prior to the accident and had been greased and oiled less than a week before the accident; that there was plenty of tread on the tires; that he was not aware of any defects at the time of the accident. The defendant further stated that the automobile was in excellent running condition at the time of the accident.

The trial judge overruled the motion for summary judgment and upon certificate under Section 56 (h) of the Civil Practice Act (Code Ann. § 81A-156 (h); Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238), appeal was taken to this court. *Held:*

On motion for summary judgment the defendant, as movant, must produce evidence which negates "at least one essential element entitling the plaintiff to recovery under every theory fairly drawn from the pleadings and the evidence." *Saunders v. Vikers,* 116 Ga. App. 733 (2) (158 SE2d 324). The proof offered by the defendant in this case failed to establish as a matter of law that the defendant was not negligent in the maintenance of his automobile. The fact that the

car was maintained in accordance with the Volkswagen Manual, without more, did not establish a lack of negligence on the defendant's part. The other evidence offered as to the state inspection of the vehicle and the maintenance on such vehicle would tend to show that the defendant exercised ordinary care; however, it would not demand a finding to that effect. Here the car suffered both tire and mechanical failure. This would appear to raise at least a jury question as to whether the car was in "running condition" and testimony that it was amounted to no more than an opinion which, of course, does not require the grant of a motion for summary judgment. *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395). As to the defendant's duty with regard to his vehicle, see *Cruse v. Taylor,* 89 Ga. App. 611, 616 (80 SE2d 704); *Allied Egg &c. Co. v. Jocie Motor Lines,* 91 Ga. App. 725, 736 (87 SE2d 172).

Questions involving negligence and especially those involving whether, under the circumstances, the defendant exercised ordinary care are properly for the jury. *American Lighting &c. Co. v. Baldwin,* 126 Ga. App. 41 (190 SE2d 82); *Mitchell v. Cox,* 126 Ga. App. 151 (190 SE2d 154). See in this connection *Tyson v. Shoemaker,* 208 Ga. 28, 31 (65 SE2d 163).

The trial judge did not err in overruling the motions for summary judgment.

*Judgments affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED JANUARY 3, 1973 — DECIDED JANUARY 26, 1973.

*Dunaway, Shelfer, Haas & Newberry, L. Robert Lake,* for appellant.

*Kirby G. Bailey,* for appellees.