## 49162. BENSON v. ACTION ELECTRIC COMPANY, INC.

EBERHARDT, Presiding Judge.

It was not error to grant defendant's motion for summary judgment since the pleadings, depositions, etc., summarized below, show that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law under fundamental principles of negligence law. *Huckabee v. Grace,* 48 Ga. App. 621, 627 (2) (173 SE 744); *Mayor &c. of Macon v. Dykes,* 103 Ga. 847 (31 SE 843); *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752, 754 (92 SE2d 720); *Herring v. Hauck,* 118 Ga. App. 623 (165 SE2d 198); *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47, 50 (183 SE2d 7); *Shockley v. Zayre of Atlanta,* 118 Ga. App. 672 (165 SE2d 179); *Whitaker v. Jones, McDougald, Smith, Pew Co.,* 69 Ga. App. 711 (1, 2) (26 SE2d 545); *Deco Leasing Corp. v. Harvey,* 114 Ga. App. 217 (150 SE2d 699); *Daneker v. Megrue,* 114 Ga. App. 312 (151 SE2d 157).

The evidence submitted here demanded a finding that even if there had been negligence on the part of the defendant in leaving the electric conduit "dangling" from the ceiling (the line was not energized), the sole proximate cause of the plaintiff's injury was his own negligence in moving the conduit to the side of the scaffolding where it could and did catch on the plyboard platform when the scaffolding was moved at his direction. No actionable negligence on the part of the defendant appears.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, Quillian, Clark and Stolz, JJ., concur. Evans, J., dissents. Webb, J., not participating.*

SUBMITTED MARCH 6, 1974 — DECIDED APRIL 19, 1974.

*Autrey, Ware & Otonicar, Jerome C. Ware,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Edward C. Stone, Charles E. Walker,* for appellee.

624

EVANS, Judge, dissenting.

Benson sued Action Electric Company, Inc. for injuries suffered in a fall from a scaffold inside a building. Both plaintiff and defendant were employed, in different capacities, to perform work in the building. Plaintiff and two co-workers were engaged in removing a parapet or hanging wall and defendant was engaged in tearing out the existing wiring and removing conduits that were hanging from the ceiling.

Plaintiff's complaint, in paragraphs 5 and 6, alleged: "5. That as a result of the negligence of said Defendant by and through its agents and servants, said defendant left unattended a dangerous conduit which was permitted to dangle freely from the ceiling of the above mentioned structure. 6. That as a result of said conduit being allowed to remain in this fashion, Plaintiff was caused severe injury as a result of an ensuing fall from a scaffold from which he was working."

There was evidence before the trial judge from which a jury could have concluded that defendant's agents did leave unattended a conduit which was permitted to dangle freely from the ceiling; that because of the conduit being allowed to dangle from the ceiling, while unguarded and unattended, plaintiff had to move the conduit from the middle toward the end of a scaffold; plaintiff was on top of the scaffold while performing the work he was employed to perform; that as the scaffold was moved forward, the conduit caught a piece of plyboard which was on top of the scaffold, and raised it so that plaintiff was caused to fall from the scaffold, as a result of which his injuries accrued.

The trial judge granted a summary judgment in favor of defendant and the majority opinion in this court affirms. But why affirm? Isn't this a case where the questions as to negligence must be determined by a jury, and not by the trial judge on motion for summary judgment?

Was the defendant negligent in leaving the conduit dangling at a place where plaintiff was required to work? How long had it been left there, unattended and unguarded? Did the defendant know that plaintiff would have to work in that particular place? Should the

plaintiff have foreseen the negligent situation created by defendant? Should plaintiff have avoided the consequences to himself of defendant's negligence? Were the plaintiff and defendant equally negligent, and if not, which one was the more negligent? *All of these are questions for a jury to determine.*

In *American Lighting & Supply Co. v. Baldwin,* 126 Ga. App. 41, 42 (190 SE2d 82), it is held: "'Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of *summary* adjudication whether for or against the plaintiff or the defendant, but must be resolved by a trial in the ordinary manner.' *Wakefield v. A. R. Winter Co., Inc.,* 121 Ga. App. 259 (174 SE2d 178); *Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918); *Reed v. Batson-Cook Co.,* 122 Ga. App. 803 (3) (178 SE2d 728)." On this point, and holding exactly as above, also see *Mitchell v. Cox,* 126 Ga. App. 151, at 152 (2) (190 SE2d 154).

In *McCarty v. National Life & Acc. Ins. Co.,* 107 Ga. App. 178, at 179 (129 SE2d 408), it is held:

"The burden of demonstrating this lack of a substantial issue is upon the moving party in a motion for directed verdict (Code § 110-104) or a motion for summary judgment. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). The party opposing the motion must be given the benefit of all reasonable doubts on motion for directed verdict (*Sellers v. Wolverine Soap Co.,* 19 Ga. App. 295 (1), (91 SE 489)) or motion for summary judgment. *Holland v. Sanfax Corp.,* supra, p. 5. The evidence must be construed most favorably to the party opposing the motion for directed verdict (*Curry v. Durden,* 103 Ga. App. 371 (1), (118 SE2d 871)) or motion for summary judgment. Walling v. Fairmont Creamery Co., 139 F2d 318 (6), 322. The party opposing the motion must be given the benefit of all favorable inferences on motion for directed verdict (*Northwestern University v. Crisp,* 211 Ga. 636, 647 (88 SE2d 26)) or motion for summary judgment. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179); *Holland v. Sanfax Corp.,* supra,

p. 5. *In other words, where more than one inference can be drawn from the evidence, the duty of solving the mystery should be placed upon the jury and not the trial judge. Northwestern University v. Crisp, supra; Marshall v. Woodbury Banking Co., 8 Ga. App. 221 (68 SE 957).* This is true with respect to circumstantial evidence as well as direct evidence. *Whitaker v. Paden,* 78 Ga. App. 145, 148 (50 SE2d 774)." (Emphasis supplied.)

In *Marcinkowski v. Strother Ford, Inc.,* 126 Ga. App. 51 (189 SE2d 874), it is held: "On motion for summary judgment the burden to establish the lack of a genuine issue of a material fact and the entitlement to a judgment as a matter of law *is upon the moving party."* (Emphasis supplied.)

In *Holland v. Sanfax,* 106 Ga. App. 4, 5 (126 SE2d 442), it is held: "The burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant. 3 Barron & Holtzoff, Federal Practice & Procedure, 138, § 1235; 6 Moore's Federal Practice, 2123, § 56.15 (3). The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence. McHenry v. Ford Motor Company (CA 6,1959) 269 F2d 18; Revlon, Inc. v. Regal Pharmacy, Inc., 29 F.R.D. 169 (ED Mich. 1961); 3 Barron & Holtzoff, Federal Practice & Procedure, 139-140, § 1235. The act cannot deprive a party of the opportunity to have a trial of a genuine issue as to any material fact, and it is indeed a great responsibility to say that "in truth there is nothing to be tried."

The burden in this case was on the defendant, who was movant for summary judgment. Every inference, ambiguity, reasonable doubt, etc., arising from the evidence or *absence of evidence must be construed most favorably towards the plaintiff* (respondent). More than any other issue, *negligence* is peculiarly a question for solution by a jury. *Parker v. Johnson,* 97 Ga. App. 261 (1) (102 SE2d 917). The trial court erred in granting defendant's motion for summary judgment and the

majority opinion is in error in affirming that judgment. I therefore respectfully vote to reverse the trial court.