49857. NARJOE TIMBER & SUPPLY COMPANY v. HANSON et al.

DEEN, Presiding Judge.

We affirm the denial of summary judgment in this personal injury suit. The two issues raised, both of which present jury issues, are whether there was any negligence on the part of the defendant and, if so, whether the plaintiff committed negligence which was the sole proximate cause of his injuries.

Plaintiff was delivering crates of Pepsi Cola to the defendant's premises. On his first delivery to the site he was directed by one of the defendant's employees where to leave them. He first inspected the delivery point, but not by the same exact route over which he followed while pulling the handtruck loaded with bottles. The surface it was necessary to traverse was broken and rutted; a wheel of the truck went into a rut causing the load to shift, and plaintiff's back was wrenched.

The plaintiff, delivering goods ordered by the defendant, was an invitee of the latter. *Nabors v. Atlanta Biltmore Corp.,* 77 Ga. App. 730 (49 SE2d 688); *Morris v. Deraney,* 68 Ga. App. 308, 310 (22 SE2d 860); *Somers v. Tribble,* 115 Ga. App. 282 (154 SE2d 620). As such a duty was owing to him to exercise ordinary care to keep the premises and approaches safe. Code § 105-401; *Kreiss v.*

*Allatoona Landing,* 108 Ga. App. 427 (133 SE2d 602). As stated in the *Kreiss* case (p. 430): "One maintaining a defective footway, walkway, or excavation on the premises through which another falls may be held guilty of actionable negligence unless it appears for other reasons that the plaintiff cannot recover. *Southern R. Co. v. Howard,* 9 Ga. App. 264 (70 SE 1124); *Central of Ga. R. Co. v. Ledbetter,* 46 Ga. App. 500 (168 SE 81); *Gray v. Watson,* 54 Ga. App. 885 (189 SE 616); *Atlanta Life Ins. Co. v. Rogers,* 57 Ga. App. 785 (196 SE 239)." Where the defendant was aware that deliveries were being made on its premises, and the plaintiff was directed by an employee, who had knowledge that the delivery was being made by handtruck to a specific point, to proceed to a point which involved pushing or pulling the truck over rough ground, whether in view of this knowledge the premises were within the standards of ordinary care which the law dictates when used for this purpose is, as against a mere motion for summary judgment, a jury question.

Nor does the fact that it was daylight and that the truck hit the rut while the plaintiff was pulling it demand a finding as a matter of law that the injury was the result of his own negligence only. The plaintiff was experienced in this sort of delivery, although he had not previously traversed the exact route involved; he chose to pull rather than push the truck because of the rough terrain; under his testimony he was closely attending to the procedure and using all possible care when a back wheel hit the rut and the load shift occurred. "Ordinarily the facts upon which the plaintiff is barred from recovery — that he failed to avoid the consequences of the defendant's negligence which he reasonably could have apprehended, or that he voluntarily encountered a known danger — cannot be decided by the court as issues of law. *Wynne v. Sou. Bell Tel. & Tel. Co.,* 159 Ga. 623 (126 SE 388); *Johnson v. Thompson,* 111 Ga. App. 654, 658 (143 SE2d 51)." *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527). Even with regard to patent defects, the plaintiff is not precluded as a matter of law. *LaBranche v. Johnson,* 127 Ga. App. 244 (193 SE2d 228). *McMullan v. Kroger Co.,* 84 Ga. App. 195 (65 SE2d 420) cited by appellant is not in point for two reasons: It was a demurrer

case where inferences were construed against the plaintiff, and the plaintiff, with a choice of routes, simply walked into a concrete bar in a parking lot because of failure to observe it. *Korn v. Tamiami Trail Tours,* 108 Ga. App. 510 (133 SE2d 616) was also decided on general demurrer, and involves a question of the defendant's duty upon knowledge of physical incapacity on the part of the injured party. *Benson v. Action Electric Co.,* 131 Ga. App. 623 (206 SE2d 647), affirmed a summary judgment for the defendant under entirely different circumstances: The conduit which had been left dangling from the ceiling by the latter was completely harmless until the plaintiff erected a scaffolding and then, in the process of moving it from place to place, moved the conduit from the place the defendant had left it to another place where it tangled with the scaffold also being moved by the plaintiff.

The denial of the summary judgment is affirmed.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED NOVEMBER 21, 1974 — REHEARING DENIED DECEMBER 6, 1974.

*Lokey & Bowden, Glenn Frick,* for appellant.
*Fred L. Cavalli,* for appellees.