## 54560. HILL v. ECONOMY DRUG STORE.

QUILLIAN, Presiding Judge.

After bringing an action for damages based on the defendant's negligence which caused plaintiff to fall and sustain injuries, the plaintiff appeals from the grant of the defendant's motion for summary judgment. *Held:*

Defendant's affidavit offered in support of motion for summary judgment recites: "On August 22, 1975, the plaintiff, Watson Hill, came to Economy Drug Store and requested that the deponent fill a prescription. During the time the prescription was being filled, the plaintiff sat on a bench directly opposite the prescription counter. There were no obstructions on the floor in front of the area where the plaintiff was sitting. The floor had not been mopped since 6:30 p.m. on August 21, 1975. The floor was dry and there were no defects on the floor."

Plaintiff filed a counter-affidavit which set out: "On August 22, 1975, the plaintiff, Watson Hill, came into Economy Drug Store to have a prescription filled. The plaintiff sat on a bench directly opposite the prescription counter. When the plaintiff stood up and walked toward the counter he stumbled and fell. After falling, he noticed that he had stumbled on some boxes in the area in front of where he was seated."

There are two essential elements in this type of case, (1) the existence of the defect, and (2) defendant's awareness of such defect, either actual or constructive. *Food Fair, Inc. v. Mock,* 129 Ga. App. 421, 422 (199 SE2d 820) and cits.

The burden was on the defendant, as movant, to produce evidence which negated at least one essential element entitling the plaintiff to recovery under every theory fairly drawn from the pleadings and the evidence. *Lockhart v. Beaird,* 128 Ga. App. 7, 8 (195 SE2d 292). Here there is a conflict as to whether a defect existed. Since on summary judgment the burden was on the defendant, not the plaintiff, to establish the non-existence of an essential element to the plaintiff's claim (*Henderson v. Atlanta Transit System, Inc.,* 133 Ga. App. 354 (210 SE2d 845)), the trial judge erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 16, 1977 — DECIDED OCTOBER 21, 1977.

*Jerry N. Neal,* for appellant.
*John A. Dickerson,* for appellee.