68536. BEGIN v. GEORGIA CHAMPIONSHIP
WRESTLING, INC.
(322 SE2d 737)

QUILLIAN, Presiding Judge.

Plaintiff, Willene B. Begin, appeals from the grant of summary judgment to the defendant, Georgia Championship Wrestling, Inc. Ms. Begin attended a wrestling exhibition in the Morrow High School gymnasium in which Georgia Championship Wrestling was the promoter. The ring was placed in the gymnasium and surrounded by sheets of heavy plastic strips to protect the gym hardwood floor. The pleadings allege that the plastic strips were approximately three feet in width. Ms. Begin stated that there were "little strips" of "masking tape" to hold the plastic strips together. "Instead of them having it completely closed with the masking tape they just had little strips across it. Like you had two pieces, and they put the strips across it and people walking across it got it torn loose . . . It had been taped but not very good . . . Eventually, some way my foot got in between the two seams, . . ." and she fell. Ms. Begin was wearing low heeled shoes with rubber soles. She did not know how long the gap had been in existence between the two pieces of plastic where she fell. She suffered a ruptured disc in her spine which necessitated an operation. Defendant's motion for summary judgment was granted, and plaintiff appeals. *Held*:

Morrow High School was the sponsor and Georgia Championship Wrestling was the promoter for this event. The plastic was placed on the floor by "agents and employees" of the high school. Ms. Begin purchased a ticket for this exhibition. Sales of tickets at the gym were apparently a joint effort of the local high school Booster Club and Georgia Championship Wrestling. Plaintiff was an invitee of Georgia Championship Wrestling, the promoter and occupier of the premises

for the wrestling exhibition. The occupier of premises is charged with the duty of keeping the approaches and premises safe for invitees. OCGA § 51-3-1. An invitee may rely upon the discharge of this duty by the person occupying the land and therefore is not necessarily, and as a matter of law, guilty of negligence in failing to discover the existence of a patent defect in the premises which renders it unsafe for a person coming upon the premises. *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342 (2) (226 SE2d 142). "Where the danger is not apparent, the possessor of the land has the duty to exercise ordinary care to make the condition reasonably safe or to give a warning adequate to enable the invitee upon the premises to avoid harm." *Knowles v. Larue*, 102 Ga. App. 350, 353 (116 SE2d 248). The occupier is not an insurer of the safety of his invitee but the law requires such diligence toward making the premises safe as the ordinarily prudent businessman in such matters is accustomed to use. *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 344, supra. An occupier of premises is under a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises. Prosser, Law of Torts (4th ed.) 393, § 61. An invitee enters upon the premises under an implied representation, or assurance, that the land has been prepared and made ready and safe for his reception. The invitee is entitled to expect the possessor will exercise reasonable care to make the land safe for his entry. 2 Restatement of Torts 216, § 343. It is this implied representation that is made to the public, by holding the land open to them, that it has been prepared for their reception, that it is safe, that is the basis for the possessor's liability. Prosser, Law of Torts (4th ed.) 389, § 61. An occupier of land is ordinarily allowed a reasonable time to exercise care in inspecting and keeping the premises in a safe condition. *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 344, supra; accord *Burger Barn v. Young*, 131 Ga. App. 828 (4) (207 SE2d 234); *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327). However, an occupier is under no duty to continuously patrol the premises to discover defects. *Alterman Foods v. Ligon*, 246 Ga. 620, 622, supra.

The invitee also must exercise ordinary care for her safety and must by the same degree of care avoid the effect of the proprietor's negligence after it became apparent, or in the exercise of ordinary care should have learned of the defect. *McGrew v. S. S. Kresge Co.*, 140 Ga. App. 149, 151 (230 SE2d 119). However, there is evidence in plaintiff's deposition that the first wrestling match had started when plaintiff started across the plastic strips and she admitted that she was not looking at the floor when she tripped. Looking continuously for defects, without interruption, is not required of an invitee. *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427 (1) (263 SE2d 171). In

addition, an invitee " 'is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when [her] attention has been . . . diverted.' [Cit.] '[W]here a proprietor owes a duty to its invitees to keep the premises in a safe condition for their passage, the setting up of a distraction . . . which will so divert the [invitee's] attention as to be the proximate cause of [her] injury, in colliding with what might otherwise be a patent and even safe appurtenance, may constitute actionable negligence on the part of the defendant.' " *Alterman Foods v. Ligon*, 246 Ga. 620, 623, supra. For analyses of the "distraction" theory see: *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378-379 (124 SE2d 688), and *Stenhouse v. Winn-Dixie Stores*, 147 Ga. App. 473 (249 SE2d 276).

In the instant case the defendant was the movant for summary judgment and introduced plaintiff's deposition and two affidavits which showed that the school's "agents and employees" placed the plastic covering on the gym floor, and that Georgia Championship Wrestling "did not know of a defective condition, if any, in the mat." This denial is only of actual knowledge of the condition. Liability of an occupier of premises can be based upon actual or constructive knowledge of a defect in the premises. *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 344, supra. The occupier was under a duty to inspect the premises to make sure they were safe. If they did inspect, why did they not discover the condition of the plastic strips partially taped together with masking tape? The evidence does not disclose when the wrestling ring and the plastic mat were installed and what amount of time Georgia Championship Wrestling had to inspect the premises. If the manner of preparation of the plastic covering should have been discovered — was the danger to invitees foreseeable? If there was an inspection and the presence and condition of the plastic mat should have been observed and danger apprehended, did the occupier fulfill its duty to make the premises safe for its invitees?

There is some evidence that some of the "masking tape" which connected the plastic strips together had separated. It is not shown whether the tape separated from the plastic because it was defective tape, because it was not adequate to perform the function, or because people had walked upon it.

" ' "It is well-settled law that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them . . . except in plain and indisputable cases." ' " *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 156 (256 SE2d 916); accord *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 236 (227 SE2d 336). "Neither the presence nor absence of negligence should be summarily adjudicated and should be resolved by the trior of facts unless only one conclusion is permissible." *Tanner v. Ayer*,

150 Ga. App. 709, 710 (258 SE2d 545). " ' "The purpose of the Summary Judgment Act . . . is to eliminate the necessity for a trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." ' " *Alterman Foods v. Ligon*, 246 Ga. 620, 625, supra. Further, when a defendant is the movant it must produce evidence which negates at least one essential element entitling the plaintiff to recovery under every theory fairly drawn from the pleadings and the evidence. *Hill v. Economy Drug Store*, 143 Ga. App. 628 (239 SE2d 237). This obligation of a defendant to negate an essential element of plaintiff's case extends to matters which would ordinarily be the burden of the plaintiff during trial and includes affirmatively proving a negative. *Guthrie v. Monumental Properties*, 141 Ga. App. 21 (232 SE2d 369). Defendant did not produce evidence to show it did not have constructive notice of the inherent danger of plastic strips partially taped together with masking tape which covered portions of the gym over which invitees traveled. The "distraction" theory was not negated by the evidence adduced. An issue remains as to whether the defendant should have discovered the alleged defect, or whether inspection was undertaken at all. Did the defendant make the premises safe for its invitees? Was it negligent to tape only portions of the plastic strips together, or was it sufficient to use masking tape to accomplish this result?

There is also an issue of whether plaintiff exercised reasonable care in failing to watch for the open seams in the plastic strips, and whether or not the wrestling was a distraction to invitees who walked across plastic strips which were only partly taped together. Although plaintiff described the condition of the plastic strips and the manner in which they were connected together, it was never established whether she gained this knowledge before or after she fell. Thus, an issue of assumption of risk may be shown by the evidence. These are jury issues. *Colonial Stores v. Donovan*, 115 Ga. App. 330 (154 SE2d 659); *Stukes v. Trowell*, 119 Ga. App. 651 (168 SE2d 616); *Simpson v. Dotson*, 133 Ga. App. 120 (1) (210 SE2d 240); *Hill v. Economy Drug Store*, 143 Ga. App. 628, supra; *Sutton v. Sutton*, 145 Ga. App. 22, 26 (243 SE2d 310); *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 156, supra.

It cannot be said as a matter of law that the defendant exercised ordinary care in inspecting the premises and not observing the alleged defect, and if they should have observed it, in not rectifying the defect or warning the plaintiff of its existence. *Sharpton v. Great Atlantic &c. Co.*, 112 Ga. App. 283, 286 (145 SE2d 101). The evidence does not demand a finding as a matter of law that no actionable negligence appears. *Russell v. Goza*, 143 Ga. App. 455, 456 (238 SE2d 583). The

trial court erred in granting summary judgment for defendant.
*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 7, 1984 —
REHEARING DENIED SEPTEMBER 28, 1984.

*Donald M. Comer II,* for appellant.
*Robert C. Lamar,* for appellee.